SMITH BAKING COMPANY, APPELLANT, v. ROY BEHRENS, APPELLEE.

FILED DECEMBER 22, 1933. No. 28642.

*J. E. Mockett* and *William Niklaus,* for appellant.

*Max Kier, contra.*

Heard before GOOD and EBERLY, JJ., and MESSMORE, RAPER and YEAGER, District Judges.

RAPER, District Judge.

The appellant Smith Baking Company, a corporation, brings this action against appellee, Roy Behrens, for the purpose of enjoining him from operating a competitive business in violation of an agreement in a contract of employment.

The petition alleges that plaintiff is engaged in the manufacture and sale of bread and baked products, and that on July 23, 1931, plaintiff and defendant Roy Behrens entered into a written contract by the terms of which the plaintiff agreed to purchase a delivery truck from defendant and the right to sell bread and baked products over a certain bread route extended through certain towns (naming them) and that defendant was to sell the merchandise of plaintiff in those towns, and that, in case he severed his connection with plaintiff, he would not for a period of five years from the date of said contract sell, offer for sale or solicit sales for baked merchandise over said aforementioned route, and that plaintiff and defendant fully performed the conditions of said contract until about April 19, 1932, when defendant without just cause severed his connection with plaintiff, and immediately thereafter commenced and has continued to sell, offer for sale and solicit sales for bread and baked merchandise of another party over the route as had been agreed upon, and that a judgment against defendant could not be collected. Plaintiff alleges that it has suffered and, unless

defendant is restrained from continuing to sell such products for another party, plaintiff will suffer irreparable damage.

The defendant in his answer denies the allegations of the petition, and alleges that said contract was without consideration, is void, and is against public policy. Defendant denies that plaintiff performed the conditions of said contract, and alleges that in January, 1932, plaintiff reduced the wages of defendant from $20 a week to $18 a week without consent of defendant, and that said breach was of the essence of the contract, and because of such breach plaintiff is not entitled to relief prayed for.

The reply alleges that on January 16, 1932, plaintiff and defendant orally agreed that said written contract should be modified so that defendant's weekly wages be $18 a week instead of $20, and that defendant operated under such modification from January 16, 1932, to April 19, 1932, and states that if the court finds, as a fact, that the written contract was not modified and that plaintiff is obligated to pay $20 instead of $18 a week, then plaintiff agrees to pay the defendant $20 a week from January 16, 1932, to April 19, 1932, and recoup such sums out of an amount that plaintiff alleges defendant had collected for plaintiff but had failed to account therefor, and plaintiff denies the other allegations of the answer.

The contract recites conditions substantially as alleged in the petition. It fixes defendant's compensation as 6½ per cent. on gross sales made by him, and in any event guarantees to him an earning of $20 a week.

The trial court found generally in favor of defendant, and that the written contract had been entered into, and that plaintiff reduced defendant's wages without defendant's consent, which constituted a material breach of the contract, and dismissed plaintiff's action.

The testimony discloses that $300 was paid defendant for the truck and his bread route, and defendant operated the bread route from the date of the contract until April 19, 1932, and defendant was paid the guaranty of $20 a

week until January 16, 1932. At this last date plaintiff claims the wage guaranty was by mutual agreement reduced to $18 a week. Defendant denies that the change was by mutual consent. Both parties agree that defendant received only $18 a week after January 16, 1932. The commissions of 6½ per cent. did not equal the guaranteed amount. The defendant's testimony, which the court's finding seems to adopt, is to the effect that plaintiff's managing officer told defendant, on or about January 16, that his guaranty would be $18 a week, that defendant protested that he could not live on that wage, but if it had to be done he (defendant) supposed he would have to. Some time later, and not long before defendant quit, the manager of plaintiff stated in such terms that defendant understood that all the employees on the bread routes would be placed on the commission basis solely. The defendant then notified plaintiff that he would no longer remain in its employ. Plaintiff insists that, because defendant remained in the employment for the three months at the reduced guaranty, he impliedly consented to the modification, if he did not expressly do so. It may be conceded that the parties had a right to modify the contract orally, and further it may be conceded that in certain cases where the employee continues to work after such modification he will be held to have assented thereto, even though express consent is not given. The situation of the parties in this case cannot fairly be construed to bind the defendant by such implied consent.

The contract does not bind the plaintiff to keep defendant in its employ for a single day, so to some extent the contract is lacking in mutuality, not sufficient to render it void, but that fact should be taken into consideration, and is important. The defendant was faced with this condition, that he had no definite terms of employment and might be discharged at any time; he was a married man, and at that time it was difficult to obtain employment; that he was obliged to accept the reduced guaranty or risk the hazard of obtaining other employment; that the

plaintiff probably would soon abrogate the guaranteed wage entirely. Under those circumstances it would indeed be harsh and unjustifiable to hold that the continuation of the three months' apparent acquiescence of the reduction will entitle the plaintiff to enjoin defendant from seeking other employment, even though such employment is in part over plaintiff's bread route. One who is dependent upon his labor to support himself and family, particularly at a period of much unemployment, may feel compelled to raise no objection to a reduction of wages, rather than suffer a discharge. The urgent necessity of retaining some wages upon which to live should be taken into account. We hold that by merely continuing in the employment for the three months under these conditions, over his protest, defendant did not consent to the reduction so as to prevent him from claiming otherwise at the later date. Plaintiff contends that the reduction of $2 a week was so small and insignificant that it does not bar plaintiff from its right to the injunction. The trial court found otherwise and we see no reason for a different holding.

The plaintiff in its reply and at the trial offered to pay defendant at the $20 a week rate. This was offered after the defendant had for good cause, as shown above, terminated his employment and had procured another position. This offer comes too late. *Rice v. D'Arville*, 162 Mass. 559. And, besides, such offer may be construed as an admission that a breach of the contract occurred on plaintiff's part.

Under the evidence, the granting of the injunction would be a grave injustice to the defendant. The district court rightly refused to enjoin the defendant, and its judgment dismissing plaintiff's action is

AFFIRMED.