Wernick, J.
Plaintiff, AGH Associates, Inc. (“AGH”) is an organization which recruits, hires, trains and supervises occupational, physical, speech and language therapists for public schools in Massachusetts and New Hampshire. Defendant Jenny C. Fusco (“Fusco”) is a Certified Occupational Therapist Assistant, who entered into a written contract with AGH on or about June 18, 1997, for the school year 1997-98, to provide services in the Springfield area. Under the contract, services were to be provided by Ms. Fusco for up to eight hours per day, up to forty hours per week, for a two-hundred-day contract period. The contract further provided in pertinent part as follows:
NONCOMPETITIVE CLAUSE
Employee further agrees that she will not perform professional services for any organization or person for which Employee has performed services for AGH unless AGH has employed Employee for the provision of such services to the client. This restriction shall remain in effect for a period of twelve months after the termination of this contract. For the purposes of this section, “client” is defined as any organization, subcontract, municipality, or individual, which during said period of restriction, has engaged AGH directly or indirectly to provide: occupational therapy assistant services.
In accordance with the contract, Ms. Fusco undertook to perform services helping special needs students develop motor skills, including hand-eye coordination, in the Springfield Public School System, beginning in September 1997.
On or about March 13, 1998, Ms. Fusco tendered her resignation to AGH, effective March 31, 1998, in order to accept a position performing similar services for the Westfield Public Schools. Ms. Fusco claims that she did so because her case load for the Springfield School System was approximately eighty children and she was required to work sixty to seventy hours per week, without additional compensation, which far exceeded the hours specified in her contract with AGH. She further claims that, although she initially looked *464 for work after the completion of her contract with AGH, the job offered to her by the Westfield Public Schools was conditioned upon her coming to work on or before April 1, 1998.
By this law suit, AGH seeks specific performance of Fusco’s obligations under the contract as well as damages for her breach of contract and damages against the Westfield Public Schools for intentional interference with contractual relations. In addition, AGH seeks injunctive relief in the form of a mandatory injunction ordering Fusco to honor her obligations under her contract with AGH and an injunction enjoining her from working for the Defendant Westfield Public Schools or any other entity until her contract with AGH expires. AGH seeks as well an injunction against Defendant Westfield Public Schools from hiring Ms. Fusco while she is under contract with AGH. Before the Court now is AGH’s Motion for Preliminary Injunctive Relief.
A promise to render personal services will not be specifically enforced. Rice v. D'Arville, 162 Mass. 559, 560 (1895); Restatement of Contracts, Second, §367, 42 Am.Jur.2d, §101. The contract in this case is a contract for the rendering of personal services. Accordingly, the mandatory injunction sought by AGH must be denied.
Although an injunction requiring an individual specifically to perform personal services under a contract is not available, there are certain situations in which courts will preclude persons bound by a personal service contract from rendering any such services to another during the term of the contract. These situations arise when the contract itself contains a negative covenant precluding the person providing the services from providing the same services for anyone else, the services are unique or extraordinary, either because of special skill that the provider possesses or because of special knowledge that the provider has acquired of his employer’s business, the probable result of injunctive relief will not be to leave the employee without other reasonable means of making a living (in other words, the purpose in granting the injunction is not to force the employee to perform the contract as the only reasonable means of making a living), and the party seeking the injunctive relief is not itself in default, or otherwise unable to perform its obligations under the contract. See Rice v. D'Arville, 162 Mass. 559, 560 (1895); Restatement of Contracts, Second, §367; 42 Am.Jur. Second, §101. This case does not present such a situation.
The contract at issue does contain a covenant not to compete, but that covenant is limited to performance of professional services “for any organization or person for which Employee has performed services for AGH unless AGH has employed Employee for the provision of such services to the client.” Fusco’s employment with the Westfield Public Schools does not violate this covenant. Although AGH did not seek to obtain Fusco’s services exclusively for itself, the injunctive relief it requests would accomplish precisely that result. What AGH did not seek to accomplish by contract, it should not now be allowed to accomplish through this injunction, particularly where the effect of the injunction would be to leave Ms. Fusco without any opportunity to make a living, unless she performed services under the contract with AGH. This alone is sufficient to mandate denial of AGH’s motion.
Ms. Fusco, furthermore, claims that AGH is itself in breach of the contract by requiring her to work without extra pay, twenty to thirly hours more than the forty-hour maximum specified in the contract. AGH has not submitted any materials to refute this allegation, but does refer to Ms. Fusco’s resignation letter which mentions nothing about just cause for her resignation. On this record, the Court is unable to determine which party is more likely to succeed on the issue of just cause for Fusco’s termination of the contract.
Finally, with respect to whether Ms. Fusco’s services are unique or extraordinary, the Court concludes that AGH is likely to succeed in establishing that the services are of that character. Certified Occupational Therapist Assistants appear to be somewhat difficult to find. More importantly, however, Ms. Fusco has been working with special needs children within the Springfield public school system since the beginning of the school year. Her particularized knowledge of each of these children and their needs renders her services unique or extraordinary. However, where the probable result of a negative injunction would be the Employee’s performance of the contract, as the Court concludes it would be in this case, the Court must also consider what effect forcing Ms. Fusco to choose between being idle or performing under the contract might have on the services to be provided under the contract. These services are highly individualized and involve personal relations between Ms. Fusco and each student. If Ms. Fusco is unsatisfied with her working conditions and is, in essence, being forced to work against her will, there is a substantial risk that the services provided to these children might indeed be affected. AGH might argue that services performed begrudgingly and halfheartedly are better than no services at all. The Court is not satisfied that this is the only choice available to AGH and to the Springfield Public Schools, or that rendering services under such circumstances would be in the best interest of the children.
For all of the above reasons, AGH’s Motion for Preliminary Injunction is DENIED.[1]

 In light of this ruling, it is unnecessary to consider the Defendant’s arguments that Plaintiff has not named the proper Defendant and that the Plaintiff has no likelihood of success, because the Defendant is immune from suit under Chapter 258 and because no presentment was made in accordance with Chapter 258. The Court’s denial of injunctive relief, furthermore, should not be viewed as endorsing or condoning Ms. Fusco’s conduct. The Court considers it extremely regrettable that Ms. Fusco abandoned the special needs children of Springfield with less than three months left under her contract, whether she had cause to do so or not, and that the parties were unable to reach an accommodation that would have avoided such a result.