WALKER COAL & ICE COMPANY *vs.* FRANK LOVE.

Worcester. September 23, 1930. — January 5, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Contract,* In restraint of freedom of occupation or employment, Validity.

In 1925 an employee of an ice company in a city agreed with his employer that, for a period of five years after termination of his employment, he would not engage in any branch of the ice business in the city or town in which he had worked for the company. During 1926 and 1927 and until August, 1928, his duties were to cover a certain route in the city. Thereafter he worked for the company for a short time in an ice house and later on a route in a town. He left the employment of the company in December, 1928, and went into the ice business for himself in the city, soliciting and securing customers of

the company on the route therein on which he previously had worked. In a suit in equity commenced in 1929 by the company to enjoin him from engaging in the ice business in the city for five years from December, 1928, it was *held,* that a decree should be entered enjoining the defendant for that period from engaging in the ice business within that part of the city covered by the route on which he had worked previously.

BILL IN EQUITY, filed in the Superior Court on June 11, 1929, and described in the opinion.

The suit was referred to a master. Material facts are stated in the opinion. By order of *F. T. Hammond,* J., there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiff appealed from the final decree.

*J. Hannigan,* for the plaintiff.

*L. J. Croteau,* for the defendant.

SANDERSON, J. This is a bill in equity to restrain the defendant from engaging directly or indirectly, either personally or as an employee, in any branch of the ice business within the city of Worcester for a period of five years from December 15, 1928, and for the assessment of damages.

The case was referred to a master who found the following facts: The plaintiff was a corporation with its principal place of business in Worcester, and had for a long time engaged in the ice business, largely of a retail character, in Worcester and vicinity, and had established a patronage in the locality of great value. On December 28, 1925, when the defendant was in the employ of the plaintiff as a driver, the parties executed a written agreement which provided in substance that in consideration of the employment of the defendant and weekly compensation then or thereafter to be granted either verbally or in writing by the employer, the employee agrees " that he will not for a period of five years after any termination of said employment engage directly or indirectly, either personally or as an employee in any branch of the ice business within the city or town in which said employee has worked for said employer." The defendant was re-

quired to sign the agreement as a condition of being retained in the employment. No fraud was used in securing the defendant's signature to the agreement and it was duly executed by both parties. After its execution the defendant continued to work for the plaintiff in the same capacity as theretofore, and at the same rate of compensation until about November 1, 1928, when it was reduced. During his entire employment he had at different times worked as a driver on routes known by six different numbers, all within the city of Worcester. The one covered by him during 1926, 1927 and until August 11, 1928, was known as route 617. On the date last mentioned, without complaint on his part, he was given work in an ice house of the company for a week or two and was then put on a route in the town of Millbury. He has performed no work for the plaintiff since December 13, 1928, and has not asked to be taken back. While employed by the plaintiff, the defendant became well acquainted with the customers in his territory, and about June 8, 1929, began to peddle ice regularly for himself, covering most of the territory of the route numbered 617, and at least three fourths of his customers are those whom he served while working for the plaintiff. In doing this the defendant is seriously affecting the established business of the plaintiff in the territory wherein he is operating. No evidence of monetary damage was introduced.

The agreement is in all essential particulars like that considered in *Walker Coal & Ice Co.* v. *Westerman,* 263 Mass. 235, and in that case the court held it not to be too wide in the circumstances there disclosed to prevent the plaintiff from obtaining the injunctive relief sought. The defendant, in engaging in business for himself on one of the routes covered by him when an employee of the plaintiff, and in obtaining for himself the customers served while he was working for the plaintiff and thus seriously affecting the plaintiff's business in that territory, has violated the terms of his contract and the plaintiff is entitled to injunctive relief. Upon the findings it does

not appear that the defendant has done or intends to do business on any route except that formerly covered by him and known as route 617, nor that for the plaintiff's protection a broader injunction is required than one covering that route. The decree dismissing the bill is reversed, and a decree is to be entered enjoining the defendant from engaging directly or indirectly, either personally or as an employee, in any branch of the ice business within that part of the city of Worcester known as route 617, heretofore covered by him as an employee of the plaintiff, until the expiration of five years from December 13, 1928. *Brannen* v. *Bouley*, 272 Mass. 67. See *Edgecomb* v. *Edmonston*, 257 Mass. 12; *Hill* v. *Central West Public Service Co.* 37 Fed. Rep. (2d) 451. The plaintiff is also to recover costs of this appeal.

*Ordered accordingly.*