EARLE C. BLACKWELL *vs.* E. M. HELIDES, JR., INC. & another (and a companion case). July 26, 1974. These are an original petition by Blackwell (petitioner) and a cross petition by E. M. Helides, Jr., Inc. (respondent), both filed in a Probate Court (G. L. c. 215, § 6, as amended through St. 1970, c. 888, § 24; G. L. c. 231A), seeking declaratory and injunctive relief with respect to the validity of a negative covenant which appears in a written agreement executed by the named parties at the time (October 23, 1970) of the petitioner's employment by the respondent as a real estate salesman and under which the petitioner undertook not to enter or engage in any phase of the real estate brokerage business which requires licensing (under G. L. c. 112, §§ 87PP et seq.) in Taunton or any of thirteen named surrounding municipalities (area) for a period of thirty-six months following termination of the agreement (found to have occurred on January 29, 1973). The petitioner has appealed from a decree dismissing the original petition and from a decree entered on the cross petition enjoining him in accordance with the

dimensions of the covenant. The respondent is and at all material times has been engaged in a general real estate brokerage business in the area, concentrating predominately on the sale of properties listed with it under exclusive brokerage arrangements enduring for periods of from three to six months. The reported evidence and the findings in the statutory report disclose an element of good will attached to the respondent's business in the form of a substantial volume of repeated sales (approximately nineteen per cent of all sales) of the same properties in the area (with some of them being sold for a third time) during the three calendar years prior to the commencement of litigation. Such element was and is generated and supported in large measure by information, much of it confidential, found in detailed records of listings maintained by the respondent and reviewed at weekly sales meetings attended by the petitioner and his fellow salesmen. Contrast *National Hearing Aid Centers, Inc.* v. *Avers, ante,* 285, 291 (1974). On the other hand, the respondent's share of the total real estate brokerage business in the area is small (possibly five per cent), and the respondent's president does not fear the petitioner as a "fair competitor" in the area. We are of the opinion that the relief to which the respondent is reasonably entitled (*All Stainless, Inc.* v. *Colby,* 364 Mass. 773, 778 [1974], and cases cited; *Marine Contractors Co.* v. *Hurley,* 365 Mass. 280, 287 [1974]) should not extend beyond an injunction which would prevent the petitioner from entering or engaging in any phase of the real estate brokerage business (requiring licensing) prior to January 29, 1976, with respect to any property in the area which was sold by or through the respondent's office (as set out on a list to be prepared under the supervision of the court and appropriately impounded in the records of the cases) pursuant to a listing received by the office during the period of the petitioner's employment. The decree entered on the cross petition is to be so modified, and, as so modified, is affirmed. The decree entered on the original petition is reversed, and a new decree is to be entered thereon which will conform to the other decree (as modified). Costs of appeal are not to be awarded to any party.

*So ordered.*

*Francis M. O'Boy (Robert J. Araujo* with him) for the petitioner.
*Talbot T. Tweedy* for the respondents.

