EARLE E. BLACKWELL *vs.* E. M. HELIDES, JR., INC. & another (and a companion case[1]).

Bristol. February 5, 1975. — June 25, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Contract,* Of employment, Convenant against competition, Validity. *Restraint of Trade. Equity Jurisdiction,* Convenant against competition.

A provision in an employment contract precluding the employee from engaging in the real estate brokerage business in a specified area for three years after termination of the contract was properly enforced by a court of equity where such area closely coincided with the area in which good will had been developed by the employer and the three year period was not unreasonable, and valuable and confidential information had been acquired by the employee respecting properties listed with the employer. [228-230]

Under a contract of employment calling for the giving of a written notice of termination and containing a provision precluding the employee's engaging in a certain kind of business in a specified area and for a specified time following termination of the contract, the fact that no written notice of termination was given did not prevent enforcement of the restrictive provision where the employee

---

[1] E. M. Helides, Jr., Inc. *vs.* Earle E. Blackwell.

left the employment at his own choice after unsuccessfully trying to persuade the employer to discharge him. [230]

Two BILLS IN EQUITY filed in the Probate Court for the county of Bristol on March 23, 1973, and March 27, 1973, respectively.

The suits were heard by *Rotenberg, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Talbot T. Tweedy,* for the defendants.

*Francis M. O'Boy* for the plaintiff.

REARDON, J. These are cross-bills for declaratory relief consolidated for hearing in the Probate Court for Bristol County sitting in equity. In one case Earle E. Blackwell sought to enjoin the defendants E. M. Helides, Jr., Inc. (Helides), and Ernest M. Helides, Jr., from restraining him from engaging in any phase of the real estate and brokerage business. The Probate Court dismissed this petition with prejudice. In the second case, Helides sought to enjoin Blackwell from engaging in the real estate brokerage business in certain cities and towns for a period of three years from January 29, 1973, in accordance with a restrictive covenant in an agreement which the parties executed on October 23, 1970. The trial judge made a report of material facts and the transcript of evidence is before us. Findings of fact made by the judge will therefore stand unless we conclude that they are plainly wrong. We may find facts not expressly found by the judge and we can reverse the judge's conclusion if it is tainted by some error of law. *Lowell Bar Assn* v. *Loeb,* 315 Mass. 176, 178 (1943). *Willet* v. *Willet,* 333 Mass. 323, 324 (1955).

The issue in this case is the validity of paragraph 16 of the written agreement executed by the parties which, in pertinent part, reads as follows: "It is further expressly agreed and understood by the Sales Associate that in the event of the termination of this agreement (as set forth in

Paragraph # 12), the Sales Associate (Earle E. Blackwell) will not enter or engage in any phase of the real estate brokerage business which requires licensing as a Sales Associate, Salesman, or Broker, as defined by the Massachusetts Board of Registration of Real Estate Brokers and Salesmen in any capacity whatsoever in the towns and cities of Taunton, Raynham, Berkley, Norton, Dighton, Rehoboth, Seekonk, Bridgewater, West Bridgewater, East Bridgewater, Easton, Brockton, Lakeville and Middleboro, for a period of thirty-six months following the termination of this agreement."

The judge's report of material facts, in brief, indicates that Blackwell, who was a childhood friend of Ernest M. Helides, the managing officer of the corporate defendant Helides, was eventually employed by Helides following the execution of the aforementioned agreement. He also found that Blackwell fully understood the agreement and its specific restrictions. He further found the terms of the agreement to be "reasonable in content and not overly broad as to scope, territory, and duration," and that there was no fraud or duress involved. It was known to Blackwell that the Helides real estate business was most successful, with a dollar volume in 1970, 1971 and 1972 of $8,333,000, comprising 327 sales in the communities referred to in the restrictive covenant. Helides in its operation had compiled listing cards containing valuable and confidential information about various properties, which information was very worthwhile to Helides and which could be amply utilized by any competitor in the area. Blackwell, toward the end of 1972, became discontented in his employment and tried to get Helides "to fire him" notwithstanding Helides' endeavor to persuade him to remain. Helides declined to discharge him, whereupon Blackwell quit its employ. During the period of his affiliation with Helides, Blackwell handled in excess of $600,000 of the firm's sales in the year 1972 alone and, in addition, earned certain commissions for real estate sales he made

on Cape Cod in which the Helides firm did not partici-
pate. The judge found also that the firm "would suffer
irreparable harm and damage and a large potential loss
of sales if the covenant contained in paragraph # 16 is
not enforced as against Blackwell."

The matter went to the Appeals Court which modified
the decrees to the extent that Blackwell was enjoined only
from engaging in the real estate brokerage business prior
to January 29, 1976, "with respect to any property in the
area which was sold by or through the respondent's office
(as set out on a list to be prepared under the supervision
of the court and appropriately impounded in the records
of the cases) pursuant to a listing received by the office
during the period of the petitioner's employment."
*Blackwell* v. *E. M. Helides, Jr., Inc.* 2 Mass. App. Ct.
860, 861 (1974). We are of opinion that the decrees
of the Probate Court were correct and that the Appeals
Court was in error in the variations which it made in the
Probate Court decrees. It is well settled here and
elsewhere that a provision in an employment contract
restricting an employee's ability to compete following the
conclusion of his contract is not illegal per se as a
restraint of trade. *Becker College of Business Admn. &*
*Secretarial Science* v. *Gross*, 281 Mass. 355, 358 (1933),
and cases cited. As stated in the *Becker* case, "a
covenant restraining trade or competition, inserted in a
contract for personal service, is not in itself invalid if the
interest to be protected is consonant with public policy
and if the restraint is limited reasonably in time and
space. What is reasonable depends upon the facts."
*Ibid.*

These guidelines have received recent confirmation in
the cases of *All Stainless, Inc.* v. *Colby*, 364 Mass. 773
(1974), and *Marine Contractors Co. Inc.* v. *Hurley*, 365
Mass. 280 (1974). In addition to the considerations to
which allusion has been made, it is said in the *All Stain-*
*less* case at 778: "In determining whether a covenant
will be enforced, in whole or in part, the reasonable

needs of the former employer for protection against harmful conduct of the former employee must be weighed against both the reasonableness of the restraint imposed on the former employee and the public interest." A covenant too broad in any respect will be enforced "only to the extent that is reasonable and to the extent that it is severable for the purposes of enforcement." *Id.* at 778. No good purpose would be served by further citation of law for the lines of authority are amply set forth in the cases cited above, and we thus proceed to examine the reasonableness of this particular covenant.

In terms of geography, the covenant closely coincided with the area in which good will had been developed by Helides in the careful operation of its business, which it was entitled to protect. *All Stainless, Inc.* v. *Colby, supra,* at 779. It is apparent from what is before us that Blackwell's intention was to work the same area for a competitor which he had previously covered as a part of the Helides operation. It does not seem to us that the geographical area which the covenant set forth was too broad. See *Marine Contractors Co. Inc.* v. *Hurley, supra,* at 289. Nor was the covenant too extensive in time. A three-year restriction in the circumstances was not unreasonable. See *Novelty Bias Binding Co.* v. *Shevrin,* 342 Mass. 714, 718 (1961); *Marine Contractors Co. Inc.* v. *Hurley, supra.*

The difficulty with the Appeals Court opinion is that Blackwell is restricted only as to properties listed by the Helides office while he was associated there and which properties were then sold. This restriction would allow Blackwell to move in areas which might adversely affect the Helides business, i.e., by exploiting his previous contacts with individuals who employed the Helides office and whose properties were either not listed or listed but not sold. See *All Stainless, Inc.* v. *Colby, supra,* at 779-780. Cf. *Richmond Bros. Inc.* v. *Westinghouse Bdcst. Co. Inc.* 357 Mass. 106, 110 (1970). Also, we believe that the Appeals Court opinion protects Helides

insufficiently with respect to confidential information which came into the hands of Blackwell about the many properties which had been listed with Helides over the years.

We see no merit in Blackwell's argument that the restrictive covenant is inoperative because no written notice of termination was sent as the written agreement provided. As the judge found, Blackwell left the Helides office on his own choice after trying to get Helides to discharge him. It follows that the equity decrees of the Probate Court are to be affirmed.

*So ordered.*