FOLSOM FUNERAL SERVICE, INC. *vs.* A. GERALD RODGERS. February 14, 1978. By this action the plaintiff seeks to enjoin the defendant, a former employee, from violating a covenant not to compete contained in the defendant's contract of employment. The case was referred to a master. Both the plaintiff and the defendant filed objections to the master's report. The trial judge overruled those objections and adopted the master's report. A judgment has been entered which, as amended, enjoins the defendant from engaging in the undertaking business within a radius of ten miles from each of the four funeral homes operated by the plaintiff for a period of four years. Only the defendant appeals. 1. Where, as here, the master has stated all the subsidiary findings on which his ultimate findings are based, it is our duty to draw our own inferences from the master's subsidiary findings and to reach our own ultimate conclusions. *O'Brien* v. *Dwight*, 363 Mass. 256, 281-282 (1973), and cases cited. See *National Hearing Aid Centers, Inc.* v. *Avers*, 2 Mass. App. Ct. 285, 286 (1974). "[C]ovenants not to compete generally are enforceable only to the extent that they are necessary to protect the legitimate business interests of the employer." *Marine Contractors Co.* v. *Hurley*, 365 Mass. 280, 287 (1974). These interests include trade secrets, other confidential information, and "the good will the employer has acquired through dealings with his customers." *Ibid. New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 674 (1977), and cases cited. The burden of persuasion as to the existence of such legitimate business interests is on the plaintiff. *Id.* at 675. The plaintiff concedes that it has no trade secret or other confidential information requiring protection. Contrast *Chandler, Gardner & Williams, Inc.* v. *Reynolds*, 250 Mass. 309, 314 (1924), and *Blackwell* v. *E. M. Helides Jr., Inc.*, 368 Mass. 225, 227-228, 229-230 (1975). The master's subsidiary findings are not adequate to support a finding that the plaintiff possesses goodwill of a type likely to be adversely affected by the defendant's operation of a competing funeral home. There is no finding in the master's report suggesting that a significant number of the plaintiff's customers make "repeat" purchases of undertaking services. *National Hearing Aid Centers, Inc.* v. *Avers*, 2 Mass. App. Ct. at 291-292. See Blake, Employee Agreements not to Compete, 73 Harv.

L. Rev. 625, 659 (1960) (cited in *All Stainless, Inc.* v. *Colby*, 364 Mass. 773, 780 [1974]). See also Annot. 43 A.L.R.2d 94, 162, § 24 (1955). Contrast *Sherman* v. *Pfefferkorn*, 241 Mass. 468, 472, 475 (1922); *Brannen* v. *Bouley*, 272 Mass. 67, 71-72 (1930); *Walker Coal & Ice Co.* v. *Love*, 273 Mass. 564, 566 (1931); *Southern New England Ice Co.* v. *Ferrero*, 295 Mass. 446, 449 (1936); *Suburban Coat, Apron & Linen Supply Co.* v. *LeBlanc*, 300 Mass. 509, 511 (1938); *New England Tree Expert Co.*, v. *Russell*, 306 Mass. 504, 510 (1940); *All Stainless, Inc.* v. *Colby*, 364 Mass. at 780; and *Blackwell* v. *E. M. Helides Jr., Inc.*, 368 Mass. at 229-230. Nor is there any finding that the plaintiff derives customers from referrals by clergy, cemetery personnel, or others with whom the defendant had contact during his employment by the plaintiff. Contrast *Middlesex Neurological Associates, Inc.* v. *Cohen*, 3 Mass. App. Ct. 126, 131 (1975). The master stated that there was no evidence that "the defendant has taken from the plaintiff any source of business presently or formerly enjoyed by the plaintiff." *Richmond Bros.* v. *Westinghouse Bdcst. Co.*, 357 Mass. 106, 110 (1970). Contrast *New England Tree Expert Co.* v. *Russell*, 306 Mass. at 508; *Marine Contractors Co.* v. *Hurley*, 365 Mass. at 288. That the defendant may have acquired through his employment by the plaintiff skills in and general knowledge of the undertaking business does not justify enforcement of the covenant. *Club Aluminum Co.* v. *Young*, 263 Mass. 223, 226-227 (1928). *Abramson* v. *Blackman*, 340 Mass. 714, 716 (1960). *Richmond Bros.* v. *Westinghouse Bdcst. Co.*, 357 Mass. at 111. 2. Deciding as we do, that the covenant not to compete is completely unenforceable, we need not consider the defendant's other contentions. The judgment is reversed. A new judgment is to enter dismissing the action.

*So ordered.*

*Michael J. McCusker* for the defendant.
*Elliot J. Mahler* for the plaintiff.