403 Mass. 473                                                473

General Accident Ins. Co. of America *v.* Bank of New England-West, N.A.

GENERAL ACCIDENT INSURANCE COMPANY OF
AMERICA & others [1] *vs.* BANK OF NEW
ENGLAND-WEST, N.A., & another. [2]

Hampden. November 7, 1988. — December 7, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Jurisdiction,* National banking association. *Bank. Injunction. Practice, Civil,* Interlocutory appeal, Appeal, Judicial discretion.

Title 12 U.S.C. § 91 (1982), prohibiting State courts from issuing injunctions against national banking associations, did not preclude a Superior Court judge from exercising jurisdiction over a case in which certain insurers sought a preliminary injunction to bar a bank from seizing the insurers' policyholders' premiums from the bank account of the insurers' agent in order to set off the agent's indebtedness to the bank. [474-475]

A judge did not err in allowing a request for a preliminary injunction, barring the defendant bank from seizing the plaintiff insurers' policyholders' premiums from the bank account of the insurers' agent in order to set off the agent's indebtedness to the bank where, based on the record before her, the judge could properly have concluded that the plaintiffs demonstrated a likelihood of success on the underlying merits, that they had made a sufficient showing of irreparable harm, and that the harm to the plaintiffs resulting from a denial of the injunction would be greater than the harm to the defendants if the injunction were granted. [475-476]

CIVIL ACTION commenced in the Superior Court Department on July 11, 1986.

A motion for a preliminary injunction was heard by *Elizabeth A. Porada,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

---

[1] The Camden Fire Insurance Association, Pennsylvania General Insurance Company, and Potomac Insurance Company of Illinois.

[2] Tri-Town Insurance Agency, Inc.

*Alan S. Dambrov* for Bank of New England-West, N.A.
*John Stewart (Edward V. Leja* with him) for the plaintiffs.

NOLAN, J. The defendant, Bank of New England-West, N.A. (BNE), appeals from a Superior Court judge's allowance of the plaintiffs' request for injunctive relief. BNE appealed the order, as provided by G. L. c. 231, § 118 (1986 ed.), to a single justice of the Appeals Court. We transferred the case on our own motion. We now affirm the order granting the plaintiffs' request for a preliminary injunction.

1. *Facts.* Although the record below is not yet fully developed, we note the following facts. Between 1977 and 1979, Tri-Town Insurance Agency, Inc., contracted to solicit insurance policies as the plaintiffs' agent. According to the agency agreements between Tri-Town and the plaintiffs, once an insurance company accepted a policy, Tri-Town remained responsible for collecting all premiums and remitting those funds to that insurance company. In 1986, after the death of one of Tri-Town's principals and subsequent efforts to sell the agency, Tri-Town apparently failed to remit premium payments to the plaintiffs. Tri-Town maintains that its failure to pay such premiums resulted from BNE's allegedly unauthorized actions of applying funds in Tri-Town's BNE account to reduce a debt Tri-Town owed BNE. In July of 1986, the insurance companies sought, and the Superior Court judge granted, a preliminary injunction to enjoin BNE from interfering with or seizing any monies in Tri-Town's BNE account.

2. *Subject matter jurisdiction.* BNE advances a threshold argument that 12 U.S.C. § 91 (1982), which prohibits State courts from issuing injunctions against national banking associations, eliminated the Superior Court's subject matter jurisdiction over the case. Although BNE did not present this argument at the hearing on the preliminary injunction, subject matter jurisdiction may be challenged at any stage of a proceeding.[3]

---

[3] BNE did raise this jurisdiction argument before the same judge at the hearing for BNE's motion to stay the injunction and to require plaintiffs to post a bond. The motion judge determined that 12 U.S.C. § 91 (1982), did not, in these circumstances, prohibit the issuance of an injunction against BNE.

403 Mass. 473                                                                 475

General Accident Ins. Co. of America *v.* Bank of New England-West, N.A.

*Litton Business Syss., Inc.* v. *Commissioner of Revenue*, 383 Mass. 619, 622 (1981). Given the United States Supreme Court's most recent interpretation of 12 U.S.C. § 91 (1982), we conclude that subject matter jurisdiction, as exercised by the Superior Court, was proper. See *Third Nat'l Bank* v. *Impac Ltd., Inc.*, 432 U.S. 312, 323 (1977) (strong implication that Congress intended statute to prohibit only State judicial action prior to final judgment which would result in seizure of *bank's* property [emphasis added]). Indeed, as the Supreme Court noted, it strains credulity to think that Congress "intended to give national banks a license to inflict irreparable injury on others, free from the normal constraints of equitable relief." *Id.*

3. *The preliminary injunction.* The issuance of a preliminary injunction generally rests within the sound discretion of the judge, *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 472-473 (1975), after a combined evaluation of the moving party's likelihood of success on the merits, its claim of injury, and finally, a balancing of the competing harms to each party. *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 615 (1980). Our review, then, must focus on whether the lower court applied the proper legal standard and whether the record reasonably supports the lower court's factual determinations. *Id.* As we noted in *Cheney*, *supra* at 615-616, "in assessing whether a judge erred in granting or denying a request for preliminary injunctive relief, we must look to the same factors properly considered by the judge in the first instance."

In applying *Cheney* and its progeny to the instant facts, we conclude that the motion judge did not abuse her discretion. Based on the record before her, the motion judge could properly have concluded that the plaintiffs demonstrated a likelihood of success on the underlying merits, that they had demonstrated a sufficient showing of irreparable harm,[4] and that the harm to

---

[4] BNE maintains that the plaintiffs have failed to demonstrate irreparable harm. We deem the defendants' argument unpersuasive in light of our decision in *Boston Athletic Ass'n* v. *International Marathons, Inc.*, 392 Mass. 356, 362 (1984) (no abuse of discretion in finding irreparable harm where denial of injunction might result in disposal of funds prior to determination on merits).

the plaintiffs resulting from the denial of the injunction was greater than the harm to the defendants if the injunction were granted. *Cheney*, *supra* at 617. Because the hearing on a preliminary injunction necessarily entails an abbreviated review of both the facts and the law, *id.* at 616, this court, in analyzing the issuance of the injunction, "will not reverse if there is a supportable legal basis for the . . . court's action even if, on final analysis, it may prove to be mistaken." *New England Patriots Football Club, Inc.* v. *University of Colorado*, 592 F.2d 1196, 1200 (1st Cir. 1979). Here, there is such a supportable basis.

*Order granting preliminary*
*injunction affirmed.*