Fremont-Smith, J.
After hearing and upon consideration of the briefs and affidavits submitted by the parties, the motion for a preliminary injunction is denied.
The defendant, William F. Gallagher, Jr. (“Gallagher”) was hired by the plaintiff as a mortgage originator in 1988. As such, he marketed First Eastern’s mortgage products to local realtors and their customers in his territory, which included various towns north of Boston. Although he had been requested by plaintiff to enter into a non-competition agreement several times over the course of his employment, he had expressed misgivings about doing so and refused. On August 12, 1993, he was again pressured to sign such an agreement which he understood to be a condition of his continued employment. Pursuant thereto, he agreed “not to compete in his/her specified territory within six months of this separation.” In May 1994, Gallagher voluntarily terminated his employment with First Eastern and accepted employment with a competitor, AccuBanc, as a mortgage originator. Subsequently he has competed in his former specified territory, in violation of his agreement with the plaintiff.
In Massachusetts, a non-competition agreement will be enforced if it is reasonable in geographic scope and duration, and if it is necessary to protect proprietary information or good will of a former employer. In this case, however, there is no evidence that Gallagher has misappropriated any trade secret or any proprietary information of the plaintiff. Rather, the allegation is that he is misappropriating the plaintiffs good will for the benefit of a competitor.
There is authority for enforcement of a covenant not to compete in the circumstances of this case. Thus, in Blackwell v. E.M. Helides, Jr., Inc., 368 Mass. 225 (1975), the Court affirmed the enforcement of a employment contract precluding a real estate broker from competing within a specified area for three years, on the ground that the injunction was necessary to protect the good will of the brokerage business by preventing the employee from “exploiting his previous contacts with individuals who employed the [employer] and whose properties were either not listed or listed but not sold.” Here, however, defendants’ affidavits establish that the good will sought to be protected is not that which the plaintiff had previously acquired and which was misappropriated by the defendant, but was the defendant’s own making, which he had developed with customers as a result of his own enthusiasm, personality and abilities. Here, moreover, defendant had not agreed to the non-competition agreement as part of his original employment, but had signed it only reluctantly and as a result of what he perceived to be implied threats or duress. The situation here is thus more analogous to that in Century Insurance v. Firnstein, 14 Mass.App.Ct. 706, 708 (1982), where the court found that “there is reason to conclude that the defendant’s good will rather than the plaintiffs, was involved,” citing 6A, Corbin, Contracts, §1391B (1982 sup.) for the proposition that “the objective of a reasonable non-competition clause is to protect the employer’s good will, not to appropriate the good will of the employee.” Here, too, as in Century Insurance, it would appear that the agreement was imposed upon the employee under what might be found to be “practical duress.” Id. 709.
Therefore, for the above reasons, the Court concludes that the plaintiff has failed to show a likelihood of success on the merits in the circumstances of this case such as to justify the issuance of a preliminary injunction. Accordingly, plaintiffs motion is hereby DENIED.