Brassard, J.
Plaintiff Seth Whitney (“Whitney”) is a ninth grader at Oakmont Regional Junior Senior High School (“Oakmont”). Whitney is fifteen years old. On February 13, 1996, Whitney was suspended for 10 days for involvement in an incident involving two bags of marijuana. Whitney seeks a preliminary injunction enjoining the defendant officials of the Ashburnham-Westminster Regional School District (“School”) from enforcing the suspension against him. For the following reasons, plaintiffs motion for a preliminary injunction is DENIED.
BACKGROUND
When a student was found in possession of two bags of marijuana at Oakmont on February 6, 1996, an investigation began. The student identified Whitney as having sold the marijuana to him during first-period study hall for fifteen dollars. Jeff Lawrence, the Assistant Principal at Oakmont (“Lawrence”), questioned Whitney that day about the first-period study hall without revealing the nature of the allegations against him. Whitney responded that nothing out of the ordinary occurred during study hall. Lawrence asked if Whitney knew what had happened to a particular student that day. Whitney responded that he knew the student was suspended for possession of marijuana but that he had nothing to do with that. Lawrence searched Whitney’s lockers, possessions, and person with Whitney’s consent. Nothing was recovered during the search.
Over the course of the following week Lawrence interviewed students and teachers regarding the incident in the library. Lawrence’s investigation revealed that Whitney was seen sitting across from the student during study hall and putting money, taken from the library table between them, into his pocket. During study hall, Whitney and the other student were overheard discussing their drug use. Another student reported that, in the past, Whitney had offered her drugs.
Lawrence met with the Dean of Students and the Principal on February 13, 1996 to discuss with them the results of his investigation. The officials determined that a ten-day suspension was warranted. Lawrence called Whitney to his office. He informed Whitney that he was implicated in the drug incident. He told him that the student identified Whitney as having sold the marijuana to him. He told him that he was seen taking the money from the table, and overheard talking about using drugs. Lawrence asked if Whitney had anything to say in response to those charges. Whitney denied the charges. Lawrence informed Whitney that he was to be suspended for ten days based on these charges. Later that day, Lawrence *118 gave Whitney a letter for his parents informing them that Whitney had been suspended for 10 days for a violation of the Oakmont Chemical Health Policy.
DISCUSSION
“The issuance of a preliminary injunction generally rests within the sound discretion of the Judge, after a combined evaluation of the moving party’s likelihood of success on the merits, its claim of injury, and finally a balancing of the competing harms to each party.” General Accident Ins. Co. of America v. Bank of New England-West, N.A., 403 Mass. 473, 475 (1988), citing Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 615 (1980). “When the dispute is not between private parties, however, the court should also consider the risk of harm to the public interest.” Biotti v. Board of Selectmen of Manchester, 25 Mass.App.Ct. 637, 640 (1988).
A preliminary injunction is a drastic remedy that the court should not grant unless the movant, by a clear showing, carries its burden of persuasion. Charles Wright & Arthur Miller, 11 Federal Practice & Procedure, §2948 (1973). If the moving party can demonstrate that an injunction is necessary to prevent irreparable harm to it and that granting an injunction poses no substantial risk of harm to the opposing party, a substantial possibility of success on the merits warrants issuing the injunction. Packaging Industries, 380 Mass. at 617 n. 12.
Whitney’s sole claim against the School is that it has deprived him of due process by suspending him for ten days without a meaningful hearing or notice to his parents prior to the suspension. When an alleged deprivation of a constitutional right is involved, typically no further showing of irreparable injury is necessary. Matz v. DuBois, Civil No. 95-1227-E (Suffolk Super. Ct. Mar. 14, 1995) (Lauriat, J.), citing Wright & Miller, 11 Federal Practice & Procedure, §2948. However, the facts upon which the plaintiff bases the right to relief must appear with substantial clarity so that the court can weigh and determine the probability of success before the mere allegation of the denial of constitutional rights will suffice to show irreparable harm. Brass v. Hoberman, 295 F.Supp. 358, 361 (SD. N.Y. 1968). See also Packaging Industries, 380 Mass. at 617 (Indicating that the risk of irreparable harm must always be considered “in light of the [moving] party’s chance of success on the merits”).
The facts in the record presently before the court in this case do not show that Whitney has a likelihood of succeeding on the merits of his claim against the School. “Due process requires, in connection with a suspension of 10 days or less, that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story.” Goss v. Lopez, 419 U.S. 565, 581 (1975).
According to the testimony of Lawrence, a meeting was held between Lawrence and Whitney. At that meeting, Whitney was told that he was suspected to have been involved in another student’s possession of marijuana. He was informed that the student in possession of the marijuana stated that he purchased the marijuana from Whitney during period-one study hall. Whitney was also informed, according to Lawrence’s testimony, of the other evidence that Lawrence had gathered in his week-long investigation of the incident and asked if he had anything to say in response. Whitney, consistent with his response to Lawrence’s prior questionings, denied any involvement with the drugs found on the other student.
Though more attention could have been given to proper procedure in order to provide Whitney a meaningful opportunity to respond to the charges against him, this informal meeting between Lawrence and Whitney complied with the minimum requirements of due process set forth in Goss, 419 U.S. at 581, and in the Oakmont student handbook. Due process does not require that a formal hearing be held, that parents be notified of disciplinary allegations pending against their child, or that parents be given an opportunity to be present when their child is questioned regarding the basis for a ten-day suspension. See Goss, 419 U.S. at 582. As such, it is not likely that Whitney will prevail on the merits of his claim.
ORDER
It is hereby ORDERED that plaintiffs motion for a preliminary injunction be DENIED.