Brassard, J.
Plaintiff Lajoie Investigations, Inc. (Lajoie) seeks a preliminary injunction enjoining the defendant Joseph W. Griffin (Griffin) from entering into contracts for or otherwise engaging in activities connected with Griffin’s previous work as a private investigator. As the basis for its request for injunctive relief, Lajoie contends that Griffin’s actions since leaving Lajoie’s employ violate a valid and enforceable noncompetition and nondisclosure agreement between the parties. For the following reasons, the plaintiffs motion for preliminary injunction is DENIED.
BACKGROUND
In 1990, Griffin began performing subcontract investigative work for Lajoie. Prior to 1990, Griffin had been employed as a private investigator by other private investigation firms. In 1992, Griffin applied for full-time work with Lajoie. Lajoie agreed to hire Griffin, but required him to sign a noncompetition and nondisclosure agreement as a prerequisite for a full-time position. Lajoie refused to allow Griffin to seek an attorney’s advice prior to signing the agreement.
On December 23, 1994, Lajoie laid off Griffin for a period of one week. On December 28, 1994, Griffin attended a meeting requested by Lajoie in which Griffin was given the opportunity to either sign a letter of *247 resignation or receive a letter terminating his employment with Lajoie. Both documents, which were prepared in advance by Lajoie, incorporated a requirement that Griffin observe the noncompetition and nondisclosure agreement. Griffin read each document and refused to sign or otherwise accept either one. As a result, Griffin was told he was fired.
On December 30, 1994, Griffin and Lajoie entered into a new agreement by which Griffin’s employment would be terminated. The agreement also provided that Lajoie would not contest Griffin’s request for unemployment compensation and Lajoie would provide favorable recommendations to any future prospective employer who contacted Lajoie regarding Griffin’s performance. Lajoie also orally indicated that it would not seek to enforce the noncompete and nondisclosure agreement so long as Griffin did not seek to be rehired through any governmental entity or court of law. The new agreement was back dated December 23, 1994.
DISCUSSION
“The issuance of a preliminary injunction generally rests within the sound discretion of the Judge, after a combined evaluation of the moving party’s likelihood of success on the merits, its claim of injury, and finally a balancing of the competing harms to each party.” General Accident Ins. Co. of America v. Bank of New England-West. N.A., 403 Mass. 473, 475 (1988), citing Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 615 (1980).[2] A preliminary injunction isadrastic remedy that the court should not grant unless the movant, by a clear showing, carries its burden of persuasion. Wright & Miller, 11 Federal Practice & Procedure, §2948 (1973). If the moving party can demonstrate that an injunction is necessary to prevent irreparable harm to it and that granting an injunction poses no substantial risk of harm to the opposing party, a substantial possibility of success on the merits warrants issuing the injunction. Packaging Industries, 380 Mass. at 617 n.12.
On the record before the court, Lajoie has failed, at minimum, to demonstrate a substantial likelihood of success on the merits. While reasonable noncompetition agreements may be enforced by the court, such agreements are scrutinized carefully and strictly construed against the employer. Sentry Insurance v. Firnstein, 14 Mass.App.Ct. 706, 707 (1982); Alexander & Alexander, Inc. v. Danahy, 21 Mass.App.Ct. 488, 496 (1986). An employee non-competition agreement will be enforced only if it is necessary to protect a legitimate business interest of the employer, it is reasonably limited in terms of time and space, and it does not contravene the public interest. Analogic Corp. v. Data Translation, Inc., 371 Mass. 643, 647 (1976).
The burden of proof as to the enforceability of a noncompetition agreement is on the employer. Folsom Funeral Service v. Rodgers, 6 Mass.App.Ct. 843, 843 (1978). Under the facts of this case, Lajoie has failed to offer proof to establish that the noncompetition agreement is necessitated by a legitimate business interest. There is nothing before the court to indicate that trade secrets or confidential business information is involved in this case. See, e.g., National Hearing Aid Centers, Inc. v. Avers, 2 Mass.App.Ct. 285, 286-87 (1974). In addition, Lajoie has failed to adequately demonstrate that the preservation of its good will requires enforcement of the noncompetition agreement. See, e.g., id. at 291.
Instead, upon the record before the court, this noncompetition agreement appears aimed at imper-missibly protecting Lajoie from the ordinary competition of the marketplace. Marine Contractors Co., Inc. v. Hurley, 365 Mass. 280, 287-88 (1974). The market for private investigators is limited by the very nature of the profession to insurers as the primary source of business. It is unreasonable to expect that a skilled private investigator will be able to avoid contact with all of the clients serviced by his prior employer when the market is limited. Such a likelihood of contact — and even the likely use by Griffin of the standard methods and skills obtained as a result of his employment with Lajoie — do not provide a sufficient basis to bar him from performing his job as a private investigator. A noncompetition agreement may not be used to “prevent [Griffin] from using the skill and intelligence acquired or increased and improved through experience or through instruction received in the course of employment.” Club Aluminum Co. v. Young, 263 Mass. 223, 226-27 (1928).
Therefore, on the record before the court, Lajoie has failed to demonstrate that the enforcement of the noncompetition agreement is required for a legitimate business purpose. As Lajoie has failed to meet this burden, which is essential to any claim seeking to enforce a noncompetition agreement, Lajoie has additionally failed to demonstrate a substantial likelihood of success on the merits. As a result, Lajoie’s motion for preliminary injunction is properly DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for preliminary injunction be DENIED.

The court’s inquiry into the appropriateness of injunctive relief is limited to that information contained in the record, including the defendant’s affidavits and other materials submitted in support of and in opposition to the preliminary injunction motion.