Houston, J.
Plaintiff Carmel Nason (Nason) seeks a preliminary injunction enjoining the defendant Stone Hill Realty Association a/k/a Stone Hill Garden Trust (Stone Hill) from evicting her from the apartment she rents from Stone Hill or otherwise interfering with her quiet enjoyment of the premises. As the basis for her request for injunctive relief, Nason contends that the decision not to renew her lease was the result of handicap discrimination. For the following reasons, the plaintiffs motion for preliminary injunction is DENIED.
BACKGROUND
Nason is a tenant at Stone Hill’s apartment complex in Stoneham, Massachusetts. Nason has resided in her apartment for over five years. Nason has a medical condition known as multiple sclerosis (MS) and, as a result, must use an electronic wheelchair for mobility at all times.
In January, 1995, Nason’s mother became ill. As Nason’s mother was unable to care for herself or her pet, Nason took in her mother’s cat. Nason did not inform Stone Hill that she was housing a cat on the rented premises even though the apartment complex owned by Stone Hill prohibits pets. The record is unclear as to whether the lease, which was in effect when the cat was first brought on to the property, specifically prohibits pets or whether the prohibition is found in policies promulgated separate from the lease. Nevertheless, neither party contests that the possession of a cat was not allowed in apartments owned by Stone Hill.
On or about February 7, 1995, Nason received a letter from Stone Hill asking her to remove the cat from her apartment within seven days. Nason contacted Stone Hill and explained that the cat was staying with her due to her mother’s illness. Stone Hill took no further action until on or about April 29, 1995. On or about that date, after being notified by Nason on March 22, 1995 that Nason’s mother had died, Stone Hill sent Nason a letter informing her that the cat must be removed in five days. Nason responded by providing Stone Hill with the medical opinion of her physician, dated June 15, 1995, which suggested that there would be serious negative consequences for her health if she was compelled to remove the cat.
On September 12, 1995, Nason filed a complaint with the Massachusetts Commission against Discrimination (MCAD) and with the Department of Housing and Urban Development (HUD). On January 19,1996, the complaint was withdrawn pursuant to G.L.c. 151B, §9 in order to file the complaint currently before the court. In her complaint, filed on March 19, 1996, Nason alleges violations of the Fair Housing Act (42 U.S.C. §3604(f)(2)(A)), G.L.c. 151B, §4(6)(b) (handicap discrimination), G.L.c. 186, §14 (quiet enjoyment), G.L.c. 186, §18 (retaliatory eviction), and the Consumer Protection Act (G.L.c. 93A). Nason further alleges Stone Hill is liable to her for negligence, intentional infliction of emotional distress, and breach of contract.
Nason was informed by letter on or about February 20,1996 that her lease, which was in effect at the time the cat was initially brought on to the premises, would not be renewed. The lease has since expired on March 31, 1996.
DISCUSSION
In determining whether to grant a preliminary injunction, this court considers the balancing test set *306 forth in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). See also General Accident Ins. Co. of America v. Bank of New England-West. N.A., 403 Mass. 473, 475 (1988).[1] First, the court must evaluate, in combination, the moving party’s claim of injury and its chance of success on the merits. Packaging Industries, 380 Mass. at 617. Second, if the failure to issue the injunction “would subject the moving party to a substantial risk of irreparable harm, this court must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing partyf.J” Id. “In the context of a preliminary injunction, the only rights which may be irreparably lost are those not capable of vindication by a final judgment, rendered either in law or in equity.” Id. at 617 n.11.
A preliminary injunction is a drastic remedy that the court should not grant unless the movant, by a clear showing, carries its burden of persuasion. Wright & Miller, 11 Federal Practice & Procedure, §2948, at 428-29 (1973). If the moving party can demonstrate that an injunction is necessary to prevent irreparable harm to it and that granting an injunction poses no substantial risk of harm to the opposing party, a substantial possibility of success on the merits warrants issuing the injunction. Packaging Industries, 380 Mass. at 617 n.12.
On the record before the court, Nason has failed to meet her burden to show that a preliminary injunction is justified. More specifically, the record fails to demonstrate a substantial likelihood of success on the merits. First, the portion of Nason’s claim which is based on Stone Hill’s failure to make numerous modifications to her apartment appear to be barred by the statute of limitations under the Fair Housing Act or G.L.c. 151B. See 42 U.S.C. §3613(a)(l)(A) (claim must be filed “not later than 2 years after the occurrence of ... an alleged discriminatory housing practice”) and G.L.c. 151B, §9 (civil action may be brought “not later than three years after the alleged unlawful practice occurred”). By her own admission, Nason has lived in the apartment for over five years when this action was filed. Nason alleges that she requested the modifications to her apartment at the inception of her tenancy. The record suggests that Nason has known for well over three years that the requested modifications were never made. The record before the court, therefore, indicates that claims made in connection with modifications to the physical attributes of her apartment may be barred by the applicable statutes of limitation.
Second, with respect to Stone Hill’s failure to allow Nason to keep the cat in her apartment, Nason has not shown a substantial likelihood of proving that maintaining possession of the cat is necessary due to her handicap. In order to succeed in her claim of discrimination under G.L.c. 151B, §4(6)(b) or 42 U.S.C. 3604(f)(2)(A), Nason must demonstrate that her request for accommodation in Stone Hill’s rules, policies and practices is both reasonable and necessary. G.L.c. 15 IB, §4(7A)(2); 42 U.S.C. §3604(f)(3)(B). As the court indicated during the second hearing on this matter, Nason needed to provide evidence which would show a clear nexus between MS and the need to maintain the cat.
The affidavit provided by Dr. Howard L. Weiner, Nason’s neurologist, does indicate that removal of the cat would result in “increased symptoms of depression, weakness, spasticity and fatigue.” However, the affidavit does not demonstrate that such symptoms are treatable solely by maintaining the cat or whether another more reasonable accommodation is available to address Nason’s symptoms. For example, the affidavit fails to illustrate how the presence of the cat, as opposed to some other therapeutic method such as chemical therapy, is essential or necessary to treating her symptoms.
This is not to say that there could be a basis on a fully developed record for a finder of fact to determine that keeping the cat is necessary given Nason’s handicap. However, the record before the court fails to clearly demonstrate the nexus between keeping the cat and her handicap sufficient to warrant the court to intervene at this juncture of the litigation. The court will not assume or guess as to the nature of the connection between the cat and Nason’s handicap. This is why, in the interest of justice, additional time was provided to Nason to clearly set out the basis for her claim that accommodation in Stone Hill’s pet policy was both reasonable and necessary in an affidavit from a qualified medical expert. Having failed to sufficiently do so, Nason’s motion for preliminary injunction is properly DENIED.[2]
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for preliminary injunction be DENIED.

The court’s inquiry into the appropriateness of injunctive relief is limited to that information contained in the record, including the defendant’s affidavits and other materials submitted in support of and in opposition to the preliminary injunction motion. As Nason’s motion for preliminary injunction and the record before the court are focused on the claim of handicap discrimination, the court’s opinion is likewise limited.

Nason also claims that she will become homeless if the court does not issue a preliminary injunction. The court credits Nason’s statements that finding a suitable apartment to meet her needs will be difficult. However, Stone Hill’s representation to the court that it will provide Nason with at least 90 days to locate new housing will ensure that Nason will not be turned out into the street now that her lease has expired.