Cosgrove, Robert C., J.
The matter came before the court on the plaintiffs motion for a preliminary injunction.
I briefly sketch the facts. Zona operates two hair salons, one in Hingham, the other in Norwell. In August 2006, Zona hired McKinnon, a recent graduate of a cosmetology program, as a licensed hair stylist. When he was hired, McKinnon signed a confidentiality and non-competition agreement, commonly referred to as a “covenant not to compete.” In pertinent part, it provided that for twelve months following the “termination” of his employment, McKinnon would not compete with Zona, directly or indirectly, within its market area of Norwell, Hingham, Hanover, Cohasset, Scituate, Rockland and Pembroke. He also agreed not to solicit or assist others to solicit any Salon-related business, “directly or indirectly,” from any Salon client, even if participating in a business outside Zona’s market area. He acknowledged that he understood that these provisions were “aimed at protecting the interests of the Salon in preserving the Salon’s relationship with these clients” beyond the period of his employment.
On November 4, 2010, Zona fired McKinnon.
In December 2010, Zona was informed that the Defendant was working in the area at a salon other than Zona, and that he had solicited one of Zona’s customers, Meg Kelleher.[1] At least as of February 2011, McKinnon was working as a hair stylist at Rebel II Hair Salon in Hingham, located within two miles of Zona’s Norwell Salon. McKinnon is advertising his services at Rebel II on the internet.
On March 2, 2011, the plaintiff filed a verified complaint seeking injunctive relief and damages.
This court may enter a preliminary injunction if the plaintiff shows: 1) a likelihood of success on the merits; 2) that irreparable harm will result from denial of the injunction; and 3) the risk of irreparable harm to the plaintiff outweighs the potential harm to the defendant. See Tri-Nel Mgmt., Inc. v. Bd. of Health of Barnstable, 433 Mass. 217, 219 (2001).
McKinnon acknowledges that he signed the agreement not to compete. Appearing pro se at the hearing on plaintiff s motion for a preliminary injunction, McKnnon suggested that he was not sure that he had read all of the papers he was asked to sign when Zona first employed him, that he very much needed the job and was thus in no position to negotiate terms, and that in any event, he had not quit but was involuntarily terminated, so he did not believe that he should or would be bound by an agreement not to compete. Whatever the ultimate success of these arguments, none of them persuade me that plaintiff is unlikely to prevail on the merits. As to the last argument noted, I observe that the language of the agreement imposes duties on McKinnon “following the termination" of his employment, not simply upon his “voluntary termination.”
The Supreme Judicial Court has articulated the standard for evaluating a covenant not to compete: such a covenant is not invalid “if the interest to be protected is consonant with public policy and if the restraint is limited reasonably in time and space.” What is reasonable depends on the facts. Blackwell v. *234 Helides, 368 Mass. 225, 228 (1975), quoting Becker Coll. of Bus. Admin. & Secretarial Sci. v. Gross, 281 Mass. 355, 358 (1933).
The restrictions on McKinnon’s employment are limited to one year, and to the geographic area of the plaintiffs business. Alternatively put, McKinnon is free to work anywhere in Massachusetts so long as it is not in the seven specified towns that Zona serves, and so long as he does not solicit Zona’s clients. Here, as in Blackwell the restrictions implicate “good will [that] had been developed by [the plaintiff] in the careful operation of its business, which it was entitled to protect,” and here, as in Blackwell the restrictions are “not unreasonable.” Id. at 229. Rather, the restrictions are consistent with protecting the plaintiffs good will. All Stainless, Inc. v. Colby, 364 Mass. 773, 779 (1974). Accordingly, I conclude that the plaintiff has shown a likelihood of success on the merits.
The analysis now moves to an identification of the alleged irreparable harm. Ordinarily, economic loss alone does not rise to the level of irreparable harm needed to obtain a preliminary injunction, unless the loss threatens the existence of the business. See Hull Mun. Lighting, 399 Mass. 640, 643 (1987). However, to decline to enforce the covenant while the litigation worked its stately course to eventual conclusion would entirely deprive the plaintiff of the protection of the covenant. Perhaps for this reason, “(c]ourts have been particularly willing to enforce covenants not to compete in order to preserve good will in the sales, marketing, and staffing industries.” Nat’l Eng’g Servs. v. Grogan, (Middlesex no. 071583, January 29, 2008) (Hogan, J.) [23 Mass. L. Rptr. 451], citing All Stainless, Inc. v. Colby, 364 Mass. 773, 779-80 (1974); Darwin Partners, Inc. v. Signature Consultants, LLC, 200 Mass.Super. LEXIS 614; Bowne of Boston, Inc. v. Levine, 7 Mass. L. Rptr. 685 (1997); Oxford Global Res., Inc. v. Consolo et al., 16 Mass. L. Rptr. 415 (2002); Fortune Personnel Consultants of Boston, Inc. v. Hagopian, 8 Mass. L. Rptr. 49 (1997); Modis, Inc. v. The Revolution Group, Ltd., 11 Mass. L. Rptr. 246 (1999); Stone Legal Res. Group, Inc. v. Glebus, 15 Mass. L. Rptr. 738 (2002). “The loss of goodwill has been recognized as being particularly hard to quantify, giving rise to the need for equitable relief.” Bowne, 7 Mass. L. Rptr. at *5. Moreover, as good will, once lost, may never fully be recovered, and as the loss of good will is by nature difficult, if not impossible, to quantify, harm may be said to be irreparable.
As to the balance of harms, as previously noted, the failure to issue injunctive relief will essentially deprive Zona of the benefit of the covenant, damaging good will toward the plaintiff and causing loss of business. As to McKinnon, the “consequence of every covenant not to compete ... is that the covenanter is deprived of a possible means of earning his living, within a defined area and for a limited time. That fact alone does not make such covenants unenforceable.” Marine Contractors Co., Inc. v. Hurley, 365 Mass. 280, 289 (1974).
Accordingly, the court will enter a preliminary injunction.[2]
Order
A preliminary injunction shall enter enjoining the defendant Daniel McKinnon from competing with the Plaintiff company for a period of one (1) year from the date of issuance of this order, or until further order of this or an appellate court having jurisdiction. McK-innon is barred from soliciting any former or present customer of the Plaintiff for hair styling, coloring or grooming services the same as, or similar to, those that McKinnon previously performed on behalf of the Plaintiff. He is also barred from offering, in the towns of Norwell, Hingham, Hanover, Cohasset, Scituate, Rockland, and Pembroke, Massachusetts, such services to anyone, whether a present or former customer of the Plaintiff or not.
Further, for a period of one (1) year from the date of issuance of this order, or until further order of this or an appellate court having jurisdiction, McKinnon is barred from using or conveying Zona’s confidential information, including customers’ names and addresses and customer contacts learned by him during his employment with the Plaintiff.

 McKinnon acknowledges having called Kelleher, but says he did so not to solicit her business, but out of friendship he developed with her over the years she was a client.

Zona’s proposed order suggests that McKinnon be enjoined for a period of one year. I have adopted that time period, although the language of the covenant specifies twelve months following termination, which period would end on November 4, 2011. As the parties had agreed on a year of non-competition, and as McKinnon appears to have been competing with the plaintiff in the months immediately following his firing, a one-year time period comes closest to effectuating the original bargain. I express no view as to the effect Zona’s choice of relief may have on any damages that may subsequently be awarded.