THE SOUTHERN NEW ENGLAND ICE COMPANY
*vs.* CHARLES FERRERO.

Berkshire.   September 15, 1936. — October 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Contract,* Performance and breach, Of employment. *Equity Jurisdiction,* Specific performance.

The mere fact, that a corporation, by reason of its being operated by trustees appointed by a Federal district court in proceedings under § 77B of the Federal bankruptcy act, might not be able to perform a provision of a contract of employment that if, after termination of the employment, the employee reëntered the employment of the corporation, such subsequent employment should be on the same terms as those stipulated in the contract, did not preclude the corporation, which was not in default in performance under the contract, from maintaining a suit to enforce against the employee, who voluntarily had left its employ and had not sought to be reëmployed, certain promises by him not to compete with the plaintiff's business.

The mere facts, that an employer, who brought a suit for specific performance of certain promises of the employee in the contract of employment, owed the defendant money and also had an open account with him not yet due, did not prevent the maintenance of the suit where it appeared that the debt and the account were in transactions not connected with the contract of employment, and that the plaintiff had performed his part of that contract.

BILL IN EQUITY, filed in the Superior Court on May 18, 1935.

The suit was referred to a master. Exceptions to reports by the master were overruled, the reports were confirmed and relief was given to the plaintiff by decrees entered by order of *T. J. Hammond,* J. The defendant appealed.

*F. J. Quirico,* for the defendant.

*R. C. Jandreau,* for the plaintiff.

PIERCE, J. This is a suit in equity seeking to enforce a negative covenant contained in a contract of employment, under seal, executed by the parties in duplicate on March 8, 1929.

The said contract reads as follows: "MEMORANDUM OF

CONDITIONS OF EMPLOYMENT THE SOUTHERN NEW ENG-
LAND ICE COMPANY hereby employs Charles Ferrero and he
agrees to faithfully perform any duties assigned to him. In
consideration of the employment of said Employee by said
Employer and the weekly compensation now hereafter to
be paid by the Employer, the said Employee accepts said
employment upon the following terms and conditions which
are hereby mutually agreed to be reasonably necessary for
the fair protection of the Employer's business and not un-
reasonably restricting the rights of the Employee: The said
Employee further agrees that he will not do, suffer or consent
to any act or thing prejudicial or injurious to the business or
good will of the Employer during said employment and for
five years thereafter; that he will not solicit or otherwise
attempt to obtain patronage from persons who bought ice
from the Employer and who were known to him during the
course of his employment; that he will not directly or in-
directly either as principal, agent or servant for the term of
five years after any termination of said employment enter
or engage in any branch of the ice business in the territory
now or hereafter supplied by the Pittsfield Division station
of the said employer. That if within six months of the ter-
mination or suspension of said employment said employee
resumes or re-enters the employment of said Employer,
such subsequent employment shall be upon the same terms
and conditions as herein contained. NO MATERIAL REPRE-
SENTATION OR PROMISE HAS BEEN MADE EXCEPT AS HEREIN
STATED. This contract supercedes any agreement written
or verbal heretofore existing between the employer and the
employee. In Witness whereof the parties hereto set their
hands and seals in duplicate this 8 day of March, 1929."

. The defendant's original answer denied the execution of
the contract and the genuineness of his alleged signature;
set up infancy; alleged lack of consideration, that the
terms of the contract were unreasonably restrictive, and
that the plaintiff had failed to perform its part of the con-
tract according to the terms thereof and had broken the
same. After the master's report was filed the defendant was
allowed to amend his answer by adding that, at the time

of the defendant's alleged breach, the plaintiff was unable further to perform its part of the alleged agreement, that there was a want of mutuality of remedies, and that the plaintiff's conduct had been inequitable.

The master's report, briefly stated, discloses in substance the following facts: The plaintiff is engaged in the business of selling ice at wholesale and retail in the city of Pittsfield, Massachusetts. Since April 13, 1935, it has been operated under the amendment to the Federal bankruptcy act, known as § 77B (U. S. C. Title 11, § 207). William D. Shew and Frederick W. Arnold were duly appointed by the United States District Court for the District of Connecticut, on May 15, 1935, "permanent trustees of The Southern New England Ice Company . . . with the same powers as those exercised by a receiver in equity, to the extent consistent with the provisions of" said § 77B. The defendant executed the contract above set forth on March 8, 1929. He was then nineteen years of age, having been born on January 5, 1910. Prior to the execution of the said contract he had been employed by the plaintiff, doing practically the same work as that contemplated by the written contract. He was then employed from week to week on a per diem rate and was under no legal obligation to remain in the plaintiff's employ. At the time of the execution of the contract the defendant was informed that those of the employees who signed the written contract would be given a preference as to work. Since the execution of the contract he has received steady employment. He continued in the employ of the plaintiff until May 1, 1935, when he resigned his position and was paid in full in accordance with the terms of the contract.

The master found that after the defendant became of age on January 5, 1931, he did nothing to repudiate his contract, nor did he express any dissatisfaction with the same until at least one and one half years after attaining his majority, at which time he said he was sorry that he had signed the contract. On the evidence the master found that the contract was not unreasonably restrictive. He further found that the defendant was employed by the plaintiff in the capacity of driver to sell and deliver ice at

wholesale and retail on routes 3 and 4 as defined in the bill of complaint; that at the time of the filing of the bill of complaint on May 18, 1935, he was engaged in the ice business for himself in competition with the business of the plaintiff; that he had sought to induce and had induced customers on routes 3 and 4 to trade with him; that his knowledge as to said customers was obtained while he was in the employ of the plaintiff; and that as a result of his soliciting and obtaining such customers the plaintiff's business has been impaired.

On recommittal on the questions raised by the amended answer the master found that the defendant "on April 20, 1935, gave notice of his intention to quit his job on May 1, 1935," stating that he was quitting because he thought "he could better himself"; that at that time there was no conversation as to trustees of The Southern New England Ice Company operating the business; that since May 1, 1935, the business of the plaintiff has been conducted in the same manner as it had for many years prior thereto; that the same number of drivers are employed as were employed at the time the defendant quit his job; and that the plaintiff has continued to pay wages due to its employees on Wednesday of each week and has done this without interruption, the only change being that in some cases the wages of the men have been increased and in no case has there been a reduction in pay.

The defendant filed many objections to the master's original report and to the report on recommittal. The only exceptions resultant therefrom argued in his brief (all others are taken to be waived) relate to the effect upon the plaintiff's right to relief of its alleged inability further to perform its part of the written agreement, and of the alleged lack of remedy to the defendant for any breach of the written agreement.

On the facts found, it is plain that the plaintiff did not discharge the defendant, and it is clear that the plaintiff fully performed its part of the contract. The provision in the contract, "That if within six months of the termination or suspension of said employment said employee resumes

or re-enters the employment of said Employer, such subsequent employment shall be upon the same terms and conditions as herein contained," if it imports a right of the defendant to be reëmployed after the voluntary termination of the employment by the employee, was not denied the defendant because the plaintiff was operating its business under § 77B* of the Federal bankruptcy act, through trustees with the powers of receivers in equity. The contract was terminated by the defendant on May 1, 1935. When it was thus terminated the plaintiff had fully performed its part of the contract and it was immaterial whether it would or could pay the defendant weekly his per diem wage if the contract to pay was renewed within six months from May 1, 1935. *Howe* v. *Watson*, 179 Mass. 30, 38. Compare *Rice* v. *D'Arville*, 162 Mass. 559, where the plaintiff had not performed any part of the agreement and it appeared he would not be able to perform when the time for performance of the contract arrived. In the case at bar the fact that the plaintiff owed the defendant the sum of $40.86 for oil sold during 1933 and 1934 upon an independent contract, and the existence of an oil account for the years 1934 and 1935 which was not payable at the time of the institution of these proceedings, does not make the claim of the plaintiff inequitable or lacking in mutuality. We find nothing in the exceptions of the defendant to support his claim of lack of mutuality or want of equity. It follows that the plaintiff is entitled to specific performance of the covenant contained in the contract of employment. *Boston & Suburban Laundry Co.* v. *O'Reilly*, 253 Mass. 94. *Chandler, Gardner & Williams, Inc.* v. *Reynolds*, 250 Mass. 309, 314. *Edgecomb* v. *Edmonston*, 257 Mass. 12. *Walker Coal & Ice Co.* v. *Westerman*, 263 Mass. 235.

*Decree affirmed with costs.*

---

* 48 U. S. Sts. at Large, 912.