ALL STAINLESS, INC. *vs.* WILLIAM A. COLBY.

Middlesex.    December 6, 1973. — March 12, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Contract,* Of employment, Covenant against competition, Validity. *Equity Jurisdiction,* Specific performance, Covenant against competition.

A time restriction of a covenant by a salesman not to compete with his employer for two years after termination of the employment was reasonable and enforceable where the salesman had been employed initially for a period of two years and thereafter had worked for a period of five years on a month to month basis terminable on thirty days' notice. [778-779]

A geographical restriction of a covenant by a salesman, who had no confidential knowledge acquired through his employment, not to compete with his employer in all of New England and New York after termination of his employment was unreasonably broad and only enforceable as to portions of Maine, New Hampshire, and Massachusetts where he had worked for the employer. [779-781]

Where, in a suit in equity against a former employee of the plaintiff to enforce a covenant by the defendant not to compete with the plaintiff for a specified period after termination of the employment, it appeared that that period had expired by the time of this court's decision, it was held that the plaintiff was limited to monetary damages for breach of the covenant by the defendant. [781]

In a suit in equity against a former employee of the plaintiff to enforce a covenant by the defendant not to compete with the plaintiff for a specified period after termination of the employment, a bond which the plaintiff, in order to secure continuance of a preliminary injunction, was required to and did file, conditioned on indemnifying the defendant against loss of earnings and attorneys' fees "in the event the bill of complaint is dismissed," should be interpreted as entitling the defendant to recover on it only if it were ultimately determined that no injunction should be issued against him, and recovery on the bond was precluded where this court held, after the expiration of the period specified in the

defendant's covenant, that an injunction should have issued, although narrower in scope than the covenant or the preliminary injunction; but the defendant in the circumstances was entitled to use the fact, that the preliminary injunction was far too broad with respect to the geographical area of restraint, defensively to offset any financial losses suffered by him thereby against any damages recoverable by the plaintiff for breach of the covenant by him. [781-782]

BILL IN EQUITY filed in the Superior Court on November 21, 1969.

The suit was heard by *Good,* J.

*Verne W. Vance, Jr. (Allan A. Fishman* with him) for the plaintiff.

*Donald J. Wood* for the defendant.

WILKINS, J. The plaintiff (All Stainless) appeals from a final decree dismissing its bill in equity which sought injunctive relief against a former employee (Colby) for violation of a covenant not to compete.

The judge made findings from which the following facts are taken. All Stainless made sales to industrial purchasers of stainless steel fasteners, "including nuts, bolts, screws, as well as stainless steel pipe valves and fittings." It made distribution in all the New England States and New York. In January, 1961, Colby entered into an employment agreement with All Stainless. That agreement contained a covenant providing generally that on termination of his employment Colby would not compete with All Stainless in New England and New York for a period of two years. That agreement further provided that, following a six months' trial period, the contract of employment would be for a period of two years and thereafter from month to month, terminable then by either party upon thirty days' written notice.

In July, 1966, a new employment agreement was executed between Colby and All Stainless. It contained a restrictive covenant substantially the same as that appearing in the earlier agreement.[1] The new agreement provided further that

---

[1]The restrictive covenant read: "The Employee further covenants that upon the cessation of his employment he will not compete with the Employer in the Employer's business directly or indirectly, as a principal, agent, commission man, factor, salesman, consultant, or Employee in any business directly competing with the

the "contract of employment shall be from month to month and terminable by either party upon thirty day's written notice." On or about May 30, 1968, Colby left the employment of All Stainless and went to work for a manufacturing company which was not a competitor of All Stainless.

In November, 1969, approximately seventeen months after he left the employ of All Stainless, Colby went to work as an outside salesman for a company in South Boston, Accurate Fasteners, Inc. (Accurate). Accurate was a competitor of All Stainless. When the plaintiff learned of Colby's employment by Accurate, it filed this bill in equity on November 21, 1969, seeking preliminary and permanent injunctions to enforce the covenant not to compete and also seeking damages as a result of Colby's acts. On December 4, 1969, a preliminary injunction was issued generally enjoining Colby from engaging in any business which was in competition with All Stainless within New England and New York. On December 19, 1969, in response to Colby's motion for a bond to cover any lost earnings, attorney's fees and consequential expenses "in the event that the Bill of Complaint is dismissed," a judge ordered that the preliminary injunction be dissolved unless by December 24, 1969, a surety company bond should be filed by the plaintiff "conditioned to indemnify the defendant [Colby] for loss of earnings and or attorneys fees in the event the bill of complaint is dismissed." Such a bond was seasonably filed.

The case was tried in January, 1970, and on February 10, 1970, the judge filed a document entitled "Findings, Rulings and Order." He ruled that the restrictive covenant was unenforceable, dissolved the preliminary injunction and stated that the bill was dismissed. All Stainless appeals from a final decree dismissing the bill of complaint.

Although no report of material facts was requested, the parties have rightly treated the judge's voluntary findings, which appear to be all the facts found by him, as if they were a report of material facts under G. L. c. 214, § 23. See *Birn-*

Employer's business within the New England States and the state of New York for the period of two full years following the termination of his employment."

*baum* v. *Pamoukis,* 301 Mass. 559, 561 (1938); *Sulmonetti* v. *Hayes,* 347 Mass. 390, 391 (1964); Reed, Equity Pleading & Practice § 1104 (1952). Where the evidence is reported, as it is here, and there is a statutory report of material facts, findings of facts made by the judge must stand unless we are satisfied that they are plainly wrong; we can find facts not expressly found by the judge; and we can reverse the judge's conclusion if it is tainted by some error of law. *Willett* v. *Willett,* 333 Mass. 323, 324 (1955). *Richmond Bros. Inc.* v. *Westinghouse Bdcst. Co. Inc.* 357 Mass. 106, 109 (1970).

For us to determine whether the decree dismissing the bill was appropriate, we have found facts, additional to those found by the judge, concerning the nature of Colby's work for All Stainless and for Accurate, the geographical area of his activities for each and the consequences, if any, of Colby's employment by Accurate on any interest of All Stainless which might be entitled to protection in equity.

When employed as an outside salesman by All Stainless, Colby covered southern Maine, southeastern New Hampshire and northeastern Massachusetts. He acted as a salesman making personal contact with old and potential customers of All Stainless. He started working for Accurate in October, 1969, and first became an outside salesman for it on November 12, 1969. The sales territory assigned to Colby by Accurate included that portion of New Hampshire which he had not covered during his latter years at All Stainless, a portion of eastern Massachusetts lying westerly of the area he had covered for All Stainless and five towns (Billerica, Burlington, Belmont, Watertown and Arlington) which he had covered for All Stainless. The inference is clear that, with the exception of those five towns, the territory assigned to Colby by Accurate was carefully selected so as to avoid the territory served by Colby while he was selling for All Stainless. During the three weeks prior to the issuance of the preliminary injunction Colby called on some accounts within the five town area which he had covered for All Stainless and made some sales in that five town area. It is not clear on the record whether any such sale was of a product competitive

with a product also sold by All Stainless.

Colby's work for All Stainless and Accurate involved gaining and maintaining the good will of his employer's customers in a competitive sales environment. He was not assigned any managerial functions. There was no evidence that in November, 1969, Colby had any business secrets or confidential information acquired while employed by All Stainless which would have aided him in making sales outside his former sales area or would have aided Accurate in competing generally with All Stainless. It is clear, however, that All Stainless and Accurate were competitors and that because All Stainless's principal contact with customers was through its outside salesmen, the good will of All Stainless could be harmed by a former salesman's calling on an All Stainless customer, with whom he had previously dealt, to solicit purchases on behalf of a new employer.

The judge concluded that the restrictive covenant was "entirely too broad and unreasonable as to time and space in that it encompasses the New England states and part of the State of New York, and it provides for a two-year restriction, whereas the contract was a month-to-month agreement." He then ruled "[f]or these reasons" that the covenant was unenforceable and therefore void.

We hold that the geographical area covered by the covenant was too broad; that the two year limitation was not unreasonable; that, especially in these circumstances, the fact that the employee's employment was terminable from month to month was not an adequate ground to deny the plaintiff relief; that the restrictive covenant should have been enforced to the extent it was reasonable; that, because the period of the two year restriction has expired, All Stainless is left to the recovery of any damages arising from Colby's solicitation of customers within the sales territory covered by him immediately prior to cessation of his employment by All Stainless; and that, as an offset to any such damages, Colby is entitled to prove his financial losses attributable to the preliminary injunction restraining him (from December 4, 1969, to February 10, 1970) from selling in areas outside of

his last area of sales activity for All Stainless.

A covenant not to compete contained in a contract for personal services will be enforced if it is reasonable, based on all the circumstances. *Sherman* v. *Pfefferkorn,* 241 Mass. 468, 474 (1922). *Becker College of Business Admn. & Secretarial Science* v. *Gross,* 281 Mass. 355, 358 (1933). *New England Tree Expert Co. Inc.* v. *Russell,* 306 Mass. 504, 510 (1940). See *Saltman* v. *Smith,* 313 Mass. 135, 142-143 (1943), and cases cited; Williston, Contracts (3d ed.) § 1638 (1972). In determining whether a covenant will be enforced, in whole or in part, the reasonable needs of the former employer for protection against harmful conduct of the former employee must be weighed against both the reasonableness of the restraint imposed on the former employee and the public interest. *Walker Coal & Ice Co.* v. *Westerman,* 263 Mass. 235, 238 (1928). *Economy Grocery Stores Corp.* v. *McMenamy,* 290 Mass. 549, 553 (1935). *Cedric G. Chase Photographic Labs. Inc.* v. *Hennessey,* 327 Mass. 137, 139 (1951). *Novelty Bias Binding Co.* v. *Shevrin,* 342 Mass. 714, 716 (1961). *Richmond Bros. Inc.* v. *Westinghouse Bdcst. Co. Inc.* 357 Mass. 106, 110 (1970). See Restatement: Contracts, §§ 515, 516 (1932); Corbin, Contracts, § 1394 (1962); annotation, 43 A. L. R. 2d 94, 116 (1955). If the covenant is too broad in time, in space or in any other respect, it will be enforced only to the extent that is reasonable and to the extent that it is severable for the purposes of enforcement. *Edgecomb* v. *Edmonston,* 257 Mass. 12, 19-21 (1926). *New England Tree Expert Co. Inc.* v. *Russell,* 306 Mass. 504, 509 (1940). *Cedric G. Chase Photographic Labs. Inc.* v. *Hennessey, supra,* 139. *Novelty Bias Binding Co.* v. *Shevrin, supra,* 718.

The judge apparently concluded that the covenant was not enforceable in any respect. This conclusion seems to have been based, at least in part, on the circumstance that Colby was subject to discharge on thirty days' notice, while the expressed restraint against competition extended for a period of two years. Here, however, under two successive agreements Colby was potentially subject to the same noncompe-

All Stainless, Inc. *v.* Colby.

tition provision throughout employment of more than seven years. During the first portion of that employment he was extended a two year term of employment. In these circumstances, clearly the month to month nature of Colby's employment is not a factor militating against enforcement of the covenant for a period of two years. Although the enforcement of a restrictive covenant of this type requires a weighing of all the circumstances and a brief term of employment might appropriately be a factor in determining whether to enforce a restrictive covenant in whole or in part, we are aware of no authority which would support the denial of injunctive relief because the contractual term of employment was short in relation to the duration of the intended noncompetitive restraint. The term of employment has not been a factor in our cases involving enforcement of noncompetition agreements of this type. See, e.g., *Chandler, Gardner & Williams, Inc.* v. *Reynolds,* 250 Mass. 309 (1924) (ten year restriction in employment agreement terminable on thirty days' notice); *Brannen* v. *Bouley,* 272 Mass. 67 (1930) (two year restriction in agreement terminable on one week's notice); *Walker Coal & Ice Co.* v. *Love,* 272 Mass. 564 (1931) and *Southern New England Ice Co.* v. *Ferrero,* 295 Mass. 446 (1936) (each involving a five year restriction and weekly employment); *Cedric G. Chase Photographic Labs. Inc.* v. *Hennessey,* 327 Mass. 137 (1951) (contract at will, five year restriction). Coupled with the geographical limitation which we adopt below, we conclude that the two year restriction is reasonable.

Clearly the geographical limitations on Colby's sales activities were far too broad. A former employer is not entitled by contract to restrain ordinary competition. *Club Aluminum Co.* v. *Young,* 263 Mass. 223, 226-227 (1928). *Richmond Bros. Inc.* v. *Westinghouse Bdcst. Co. Inc.* 357 Mass. 106, 111 (1970). Any restraint must be consistent with the protection of the good will of the employer. The former employee must be in a position where he can harm that good will, perhaps (unlike the situation here) because of his knowledge of some business secret or confidential informa-

tion (see *Club Aluminum Co.* v. *Young, supra,* 226; *Slade Gorton & Co. Inc.* v. *O'Neil,* 355 Mass. 4, 10 [1968]) or perhaps (as here) because the former employee's close association with the employer's customers may cause those customers to associate the former employee, and not the employer, with products of the type sold to the customer through the efforts of the former employee. See Blake, Employee Agreements not to Compete, 73 Harv. L. Rev. 625, 658-659 (1960). All Stainless has shown that it had good will in the sales area served by Colby. Compare *Slade Gorton & Co. Inc.* v. *O'Neil, supra,* 9.

The plaintiff has failed, however, to show that its good will could have been harmed through sales activity by Colby outside of the sales territory formerly assigned to him. We see, therefore, no justification for enforcement of the restriction beyond Colby's former sales territory. Such has been the general nature of the geographical limitations imposed by injunction on route salesmen pursuant to covenants not to compete. *Sherman* v. *Pfefferkorn,* 241 Mass. 468 (1922). *Boston & Suburban Laundry Co.* v. *O'Reilly,* 253 Mass. 94 (1925). *Walker Coal & Ice Co.* v. *Love,* 273 Mass. 564 (1931). Compare *Southern New England Ice Co.* v. *Ferrero,* 295 Mass. 446 (1936). We believe that the sales function performed by Colby, involving repeated attempts to sell to potential customers in the same geographical area, is similar to the function of a route salesman in terms of its potential effect on the employer's good will with its customers.

Those of our cases which apply a broader restraint than the area of the employee's customer contact are inapplicable. In some of those cases the threat to the employer's good will came from the employee's confidential knowledge of the employer's business and from the nature of the employee's duties for his new employer. See *Walker Coal & Ice Co.* v. *Westerman,* 263 Mass. 235, 239 (1928); *Novelty Bias Binding Co.* v. *Shevrin,* 342 Mass. 714, 717-718 (1961). Other cases which have imposed a restraint broader than the area of former activity for the employer reached that result because the plaintiff proved that such restraint was both reasonable

and necessary to protect the good will of the employer. *New England Tree Expert Co. Inc.* v. *Russell,* 306 Mass. 504, 510-511 (1940). *Saltman* v. *Smith,* 313 Mass. 135, 144-145 (1943).[2]

Our cases have generally not limited the enforcement of a former salesman's restrictive covenant so as only to bar sales (a) to persons formerly solicited by the salesman within a geographical area or (b) to those to whom sales were in fact made in that geographical area through the salesman. But see *Whiting Milk Cos.* v. *O'Connell,* 277 Mass. 570, 574 (1931). Practical considerations tend to militate against the entry of such a decree.[3] Therefore, if we were now dealing with the form of a final decree enjoining Colby from certain activities, we would conclude that he should be restrained from competing against All Stainless within his former sales territory for All Stainless. Such a restraint would on the facts be reasonable and, therefore, the restrictive covenant should have been enforced to that extent. The two year period of restraint has, however, expired. Any relief to which All Stainless may be entitled must come in the form of monetary damages. This case must, therefore, be remanded for a trial on the question of damages.

One further matter must be considered. As a condition of the continuance of the preliminary injunction against Colby,

---

[2]We do not mean to suggest that all of our decisions can easily be related one to the other. These cases turn on their facts. Some of our older cases seem to rest in part on the assumption that a former employee should be held to the dimensions of his bargain, however uneven the bargaining power of the parties, without a substantial analysis of the employer's need for protection. See, e.g., *Becker College of Business Admn. & Secretarial Science* v. *Gross,* 281 Mass. 355, 356 (1933) ("The defendant, a man of full age, married and a father, contends that he is not bound . . ."). Other decisions may be explained in relation to each other by the economic circumstances prevailing at the time of the exercise of the court's equity power. Compare a wartime decision imposing a broad restraint (*Saltman* v. *Smith,* 313 Mass. 135 [1943]) with decisions during an economic depression where no restraint was imposed (*Economy Grocery Stores Corp.* v. *McMenamy* 290 Mass. 549, 552 [1935]) or a narrow restraint was imposed (*Whiting Milk Cos.* v. *O'Connell,* 277 Mass. 570 [1931]). These latter decisions reflect the effect of considerations of the public interest and of the impact of the decision on the former employee.

[3]The problems of enforcement of such a decree are far greater than where the decree speaks in terms of a geographical area. Moreover, a former employee is not apt to argue for such a decree because his new employer would not be likely to retain him to work in an area in which all or a portion of the potential customers could not be solicited by him.

All Stainless filed a surety bond to indemnify Colby for any loss of earnings and for counsel fees "in the event the Bill of Complaint . . . is dismissed." We construe that bond as entitling Colby to recovery on it if it were ultimately determined that no injunction should be issued against him. Because we have held that an injunction should have issued, although narrower in scope than expressed in the restrictive covenant and in the preliminary injunction, recovery on the bond is not indicated.[4] In the absence of a bond on which to base his claim, a person in the position of Colby is not entitled to recover for losses sustained by reason of the pendency of a preliminary injunction. *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182, 211 (1908). It is true, however, that Colby was restrained from competitive sales activity throughout New England and New York from the date of the entry of the preliminary injunction (December 4, 1969) until its dissolution on February 10, 1970. As we have held here, that restraint was broader than it should have been. Although, because of the terms of the bond, Colby may not use this circumstance offensively as a sword to collect damages, we think that he should be entitled to use this circumstance defensively as a shield to reduce the amount of damages, if any, established by All Stainless.

The decree is reversed, and the case is remanded to the Superior Court for a hearing on damages.

*So ordered.*

---

[4]If the bond had provided protection to Colby against any loss sustained by him because the restraint imposed by the preliminary injunction was broader than it should have been, it would have been of some value to Colby in this situation. Colby does not argue, however, that recovery on the bond is available to him if an injunction of some sort should properly have issued. See, however, annotation, 40 A. L. R. 990 (1926).