SMrm, Herman J., J.
In order to prevail on its motion for a preliminary injunction, plaintiff Engineering Management Support, Inc. (“EMS”) must show: a) a likelihood of success on the merits of the action; b) that the failure to issue the injunction would subject it to a substantial risk of irreparable harm; c) that the harm to the nonmoving party with entry of the injunction would not exceed the harm to EMS in the absence of the injunction; and d) that, where appropriate, the public interest would be served by entry of the injunction. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-18 (1980). After considering the submissions of the parties as well as oral argument, this Court finds that EMS has failed to demonstrate: first that it is likely to prevail on the merits of its claim that defendant Cristina L. Puca (“Puca”) breached her non-competition and confidentiality agreements and second that in balance EMS will suffer immediate and irreparable harm if the Court does not grant the injunction. Accordingly, Plaintiffs Emergency Motion for a Preliminary Injunction is DENIED.

Likelihood of Success on the Merits

“A covenant not to compete contained in a contract for personal services will be enforced if it is reasonable, based on all the circumstances. In determining whether a covenant will be enforced, in whole or in part, the reasonable needs of the former employer for protection against harmful conduct of the former employee must be weighed against both the reasonableness of the restraint imposed on the former employee and the public interest.” (citations omitted) All Stainless, Inc. v. Colby, 364 Mass. 773, 778 (1974). The circumstances of the signing of such restrictive covenants, whether supported by adequate consideration or whether singed under duress, are part of the circumstances to be considered.
EMS has failed to demonstrate that it has a strong likelihood of success on the merits of its claims because the restrictive covenants that it seeks to enforce are arguably null and void for want of consideration. Specifically, a week and one-half after Puca began working for EMS, EMS presented her with the two restrictive covenants, buried among other papers that she was told to sign. When she was hired Puca was not told by anyone at EMS that she was required to agree to non-competition and confidentiality covenants as a condition of employment. Given both the language of the two restrictive covenants (“In consideration of your employing me and/or continuing my employment" and “in consideration of that association [with Engineering Management Support, Inc.]”) and the circumstances under which she was required to sign them, a juiy could easily find that there was no consideration other than keeping her job. Keeping one’s job is insufficient consideration in this case for either the non-competition or confidentiality covenant. See IKON Office Solutions, Inc. v. Belanger, 59 F.Sup.2d 125, 131 (D.Mass. 1999) (“in order for a restrictive covenant to withstand scrutiny, some additional consideration ought pass to an employee upon the execution of a post-employment agreement”).
In addition, the circumstances of Puca’s signing the restrictive covenants could be found by a jury to have been coercive. It appears that EMS tacitly presented Puca with the Hobson’s choice of signing the restrictive covenants or losing her job.
Further, EMS has not shown that Puca had access to or purloined any of its confidential business and customer information. The notion that Puca provided *353 Kelly Services, Inc. with EMS’s confidential customer data is circumstantial at best and raises a significant credibility issue for trial. EMS has no direct evidence that Puca did such a thing.
In short, EMS has not demonstrated that it has a likelihood of success on the merits.

Irreparable Harm

EMS has also failed to demonstrate that it stands to suffer irreparable harm if no injunction is issued. EMS has admitted to the court that it has no direct evidence whatsoever that defendant Puca has harmed it in any way by her employment at Kelly Service. On the other hand, granting EMS this preliminary injunction would put Puca out of her present employment. Weighing the balance of harms, Puca is quite likely to suffer the greater harm.

ORDER

For all of the above reasons, plaintiff Engineering Management Support, Inc.’s Motion for a Preliminary Injunction is DENIED.