Agnes, Peter W., J.
This matter came before the court on the Plaintiffs motion for a preliminary injunction to enforce the terms of a noncompete and non-solicitation agreement between the parties.
Based on the materials submitted by the parties, this court does not find that circumstances exist which warrant the exercise of the court’s equity powers to enjoin the defendant from his employment activities notwithstanding that they involve competition with the plaintiff. I find that the parties entered into a *721 Master Lease Agreement in January 2002 whereby the defendant agreed to deliver automobiles to customers of the plaintiff. See copy attached to plaintiffs complaint. In Article 21 of that agreement, the defendant is prohibited from competing with the plaintiff in providing “any transportation service for any account of Payson within the area served by Payson” for two years. The geographic area allegedly covered by this agreement is imprecise but from documents submitted by the plaintiff includes hundreds of car dealers throughout the New England region. See Supplemental Affidavit of Roger Payson.
The evidence suggests and I find that the practice of these parties is to attend automobile auctions at locations throughout Massachusetts and contiguous states, identify dealers who have purchased one or more vehicles and who need someone to deliver those vehicles to the dealership, make an agreement to provide vehicle delivery services for the dealer, and then attempt to identify other dealers who also purchased vehicles and who are located in the same geographic area in order to fill their trucks with vehicles so that the trips made from the location of the auction to the dealers will be cost effective and maximize their profit. There is no evidence that the defendant focused his efforts on any particular dealer or dealers who had been doing business on a regular basis with the plaintiff. There is instead a randomness to the competitive activity in which the parties engage that makes this case different from others in which violations of non-competition or noncompete agreements are alleged. If the plaintiffs argument that the terms of the Master Lease agreement forbid the defendant from transporting the vehicles of any dealer who had ever previously done business with the plaintiff, the defendant would be prohibited from engaging in any competition in this region.
Restrictive covenants in the employment context will be enforced to the extent that the restrictions are reasonably limited in time and geographic scope and are consistent with the public interest. All Stainless, Inc. v. Colby, 364 Mass. 773, 778 (1974); Novelty Bias Binding Co. v. Shevrin, 342 Mass. 714, 716 (1961). Here, I find that the Master lease agreement calls for an unreasonable period of noncompetition in the context of the business in question, is far too vague as to its geographic reach and in the identification of the plaintiffs actual customers, and does not serve the public interest. In addition, it is far from clear from the materials presented that the plaintiff will suffer irreparable harm if relief is not granted.
CONCLUSION
For the above reasons, the request for a preliminaiy injunction is DENIED.