Fremont-Smith, Thayer, J.
It is undisputed that in 2005 Gillespie was an at-will employee with the title of “Account Executive” at plaintiffs Georgia location, and that, before she resigned her employment she discussed and planned with other high-level at-will Access employees the formation of a new Massachusetts company at which, after resigning, she would compete with Access. Neither she nor any other of the defendants had entered into any non-compete or nondisclosure agreement with Access.
The question raised by Gillespie’s motion is whether, as a resident of Georgia, she engaged in any conduct that would permit her to be sued here, under the Massachusetts “longarm” statute, G.L.c. 223A, §3.

Transacting Business in Massachusetts

It is contended that Gillespie’s activities bring her within c. 223A, §3, which states that “a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s (a) transacting any business” in Massachusetts.
While it does appear that Gillespie did plan and discuss with other high-level at-will employees the formation of a competing company in Massachusetts, which they would join upon resigning from Access, this was not illegal activity. In Augat, Inc. v. Aegis, Inc., 409 Mass. 165 (1991), the Court held (at 172):
*3 It is important to define the limited basis for liability we recognize in this case. An at-will employee may properly plan to go into competition with his employer and may take active steps to do so while still employed. See Meehan v. Shaughnessy, 404 Mass. 419, 435 (1989); Chelsea Indus., Inc. v. Gaffney, 389 Mass. 1, 10 (1983). Such an employee has no general duty to disclose his plans to his employer, and generally he may secretly join other employees in the endeavor without violating any duty to his employer. Id. at 12, n.20. The general policy considerations are that at-will employees should be allowed to change employers freely and competition should be encouraged. See Maryland Metals, Inc. v. Metzner, 282 Md. 31, 47-48 (1978). If an employer wishes to restrict the post-employment competitive activities of a key employee, it may seek that goal through a non-competition agreement. See All Stainless, Inc. v. Colby, 364 Mass. 773, 778 (1974); Spring Steels, Inc. v. Molloy, 400 Pa. 354, 362-364 (1960). The plaintiffs did not do so in this case.
Similarly here, the complaint alleges that Gillespie “secretly joined other employees” in an endeavor “to go into competition with [her] employer” and “took active steps to do so while still employed” without disclosing such to Access. As this activity was not illegal, and as no other illegal “transaction of business” by Gillespie in Massachusetts is alleged, the Court concludes that plaintiffs cause of action “cannot arise from” the alleged above-described activities so as to confer jurisdiction under §3(a).

Tortious Conduct by an Act or Omission Here

G.L.c. 223A, §3(c) grants jurisdiction over a person “causing tortious injuiy by an act or omission in this Commonwealth." The complaint’s allegations of tor-tious misconduct by Gillespie, other than that discussed above, are extremely vague and do not allege that any of it occurred in Massachusetts, except the rental of an automobile on a company credit card, which defendant says was a mistake and which the Court finds was, in any event de minimus. She is also alleged to have “cleaned up" her company computer by deleting company information from it. But even if illegal, this activity occurred not in Massachusetts, but at the Atlanta, Georgia airport.
It is true that paras. 33-40 of the Complaint contain a heading which reads: “Defendants Solicit Access Employers,” and that such conduct would be tortious. The Court held in Augat, supra, at 173:
The principle that before he terminates his employment, a top managerial employee may not solicit the departure of employees to work for a competitor has been applied in various situations. The rule is most clearly applicable if the supervisor-manager, as a corporate pied piper, leads all his employer’s employees away, thus destroying the employer’s entire business. See Barden Cream & Milk Co. v. Mooney, supra at 546 (managers’ solicitation of all employer’s drivers, at-will employees, to join competitor simultaneously is a breach of duty.
But the actual allegations in those paragraphs of the complaint, as distinguished from the heading, do not allege such solicitation but only planning discussions between Gillespie and the other at-will employees which, as discussed above, was not illegal.
In short, no substantive basis has been shown for jurisdiction under §3(c).

ORDER

Accordingly, defendant Gillespie’s motion to dismiss for lack of jurisdiction is Allowed.