# United States Court of Appeals
## For the First Circuit

No. 11-1001

EMC CORPORATION,

Plaintiff, Appellant,

v.

EMANUEL ARTURI, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor IV, U.S. District Judge]

Before

Boudin, Circuit Judge,
Souter, Associate Justice,[*]
and Selya, Circuit Judge.

James R. Carroll, with whom Kurt Wm. Hemr, Eben P. Colby, Skadden, Arps, Slate, Meagher & Flom LLP, Paul T. Dacier, Elizabeth M. McCarron, Stewart A. Broder, John Mirick, and Mirick, O'Connell, Demallie & Lougee, LLP were on brief, for appellant.
James M. Hirschhorn, with whom Joseph L. Buckley, Richard H. Epstein, Sills Cummis & Gross P.C., David A. Bunis, Daniel J. Cloherty, and Collora LLP were on brief, for appellees.

August 26, 2011

---

[*]    The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER, Associate Justice.** In this case before the federal courts on diversity jurisdiction, the plaintiff, EMC Corporation, sought, among other things, a preliminary injunction against its former employee, Christopher Blotto, forbidding violation of his employment agreement: specifically, enjoining competition with EMC, solicitation of its customers and remaining employees, and possession and use of confidential business information gained while employed. The District Court granted a preliminary injunction as to the confidential information, but not as to competition or solicitation, declining on the ground that the contractual restrictions on these activities limited Blotto's efforts for one year only, a period that had passed before any injunction could be issued. In this appeal for review for abuse of discretion (turning on an issue of law) we affirm.[1] See McClure v. Galvin, 386 F.3d 36, 41 (1st Cir. 2004).

In 2007, Blotto signed the agreement with the plaintiff business and technology consulting firm, which he left on December 4, 2009. EMC filed the motion for the preliminary injunction at issue here on November 8, 2010, and a hearing was held on December 1. On December 15, the District Court denied the request on the

---

[1]We have limited the statement of facts to those bearing on the narrow issue before us, omitting, for example, references to an earlier preliminary injunction against dealing with a specific customer, to a factual dispute about the application of the non-competition clause of the agreement, and to the claims made against other named defendants (also former EMC employees) and the competing business they formed.

ground that the one-year period had expired, and with it the court's discretion to award specific relief (as distinguished from damages for breach, if shown by evidence at trial). The court ruled, we think correctly, on the basis of an opinion of this court resting in turn on one from the Supreme Judicial Court of Massachusetts, whose law concededly governs in this diversity case.

This court's understanding of the state equity standards was expressed in the holding of A-Copy, Inc. v. Michaelson, 599 F.2d 450 (1st Cir. 1978), which reversed an order enjoining competition by a former employee issued after the expiration of the one-year period of restriction set out in the employment contract. Unlike EMC, A-Copy had requested the injunction early in the year, but the motion was under consideration by the district court for fourteen months, during which the span of the restrictive covenant ran out. We explained that "when the period of restraint has expired, even when the delay was substantially caused by the time consumed in legal appeals, specific relief is inappropriate and the injured party is left to his damages remedy." Id. at 452 (citing All Stainless, Inc. v. Colby, 364 Mass. 773, 308 N.E.2d 481, 485 (1974), among other Massachusetts cases).

All Stainless was an appeal to the Commonwealth's highest court from the denial of an injunction to enforce a former employee's agreement to refrain from competing for a period that was still running on the date of the trial court's order, but had

expired by the time the appeal was decided. While the reviewing court held it had been error for the trial court to deny specific relief, it concluded that it was then too late. "The two year period of restraint has . . . expired. Any relief to which All Stainless may be entitled must come in the form of monetary damages." All Stainless, 308 N.E.2d at 487.

The unequivocal character of the state rule creates a frosty climate for EMC's attempts to avoid it,[2] and requires little resort to policy in order to understand it. Its object is, indeed, the familiar concern with the unequal bargaining power of employee and employer, which is understood to call for construing the agreement against the latter and limiting the availability of equitable enforcement accordingly. Sentry Ins. v. Firnstein, 14 Mass. App. Ct. 706, 442 N.E.2d 46, 47 (1982). That policy, of course, applies squarely here.

EMC protests that the rule denies it the benefit of its bargain with Blotto, but this begs the question in more than one

---

[2]We assume arguendo that the door is at least open to distinguishing All Stainless from the case of a defendant who had taken affirmative steps to conceal his acts of breach, see Exeter Group Inc. v. Sivan, No. 2005-0628-BLS2, 2005 WL 1477735 (Mass. Super. Ct. Mar. 24, 2005), a situation not before the All Stainless court. But that door is not open here, where the District Court dealt with no issue of affirmative concealment of breaches of the non-competition and non-solicitation clauses. Apparently the closest pass at considering any affirmative obstruction was revealed in the trial judge's mild observation in connection with Blotto's possession of proprietary information, that "he has not been particularly forthcoming."

-4-

way.  EMC can, first of all, enforce its bargain to the penny by remedy at law if it can prove a breach of the agreement and damages, as was true in A-Copy and All Stainless, and as the trial court expressly noted here.  Second, like any contracting party, EMC makes its agreements subject to the rules of equity governing specific enforcement; rules, moreover, that were clearly in place in the governing federal and state cases well before the company required Blotto to sign.  Being forewarned, EMC could have contracted, as the district judge noted, for tolling the term of the restriction during litigation, or for a period of restriction to commence upon preliminary finding of breach.  But it did not.

EMC's only other argument attempts to deflect All Stainless by citation to five unreported Massachusetts Superior Court cases that show that court's readiness to extend equitable enforcement beyond the terminal date of restrictions such as these. See Zona Corp. v. McKinnon, 28 Mass. L. Rptr. 233 (Super. Ct. Mar. 14, 2011); Exeter Group Inc. v. Sivan, No. 2005-0628-BLS2, 2005 WL 1477735 (Mass. Super. Ct. Mar. 24, 2005); Oxford Global Resources, Inc. v. Consolo, 16 Mass. L. Rptr. 415 (Super. Ct. June 6, 2003); Darwin Partners, Inc. v. Signature Consultants, LLC, No. 00-0277, 2000 WL 33159238 (Mass. Super. Ct. Mar. 24, 2000); Modis, Inc. v. Revolution Grp., Ltd., 11 Mass. L. Rptr. 246 (Super. Ct. Dec. 29, 1999).  Like the District Court, we have some question about the harmony of these results with All Stainless, but that is neither

here nor there.  The answer to these citations is that we are bound both by <u>A-Copy</u> and by the obligation of a federal court to take its law in diversity cases from the state's highest court once that court has spoken on point, <u>see</u> <u>Phoung Luc</u> v. <u>Wyndham Mgmt. Corp.</u>, 496 F.3d 85, 88 (1st Cir. 2007), as it has here in <u>All Stainless</u>.

**<u>Affirmed and remanded for further proceedings</u>**.