Henry, Bruce R., J.
Before the Court after a hearing is the Motion for Preliminary Injunctive Relief of the plaintiff integrated IT Solutions, Inc. (Integrated). The plaintiff seeks an order enforcing the terms of the Integrated IT Solutions Employee Non-Disclosure, Non-Solicitation and Non-Competition Agreement (the Agreement) which was signed by the defendant Josh Liccardi (Liccardi). Integrated seeks orders enjoining the defendants from providing services to Sleep Medicine Services of Western Massachusetts (SMS), preventing Liccardi from working for Ascentek, preventing the defendants from using or disclosing Integrated’s confidential information, and preventing *456 the defendants from destruction of records or materials. After a hearing and the filing of supplemental materials by the parties, the request is DENIED.
Background
Integrated is a Massachusetts corporation “engaged in the business of providing customers with managed and project-based ‘information technology’ services . . . solutions, consulting and support.” (Complaint, ¶5.) It “invests significant time, resources and personnel in order to cultivate and maintain the business relationships with its IT service customers. The ITS engineers assigned to provide such services spend significant time and are trained specifically to learn the business, systems and needs of the particular client.” (Complaint, 917.) On or about January 1, 2016, Integrated purchased the assets of Mobius Works, LLC (Mobius), a full-service IT company headquartered outside of Springfield, MA. As part of the purchase of Mobius, Integrated obtained “Mobius’ goodwill, customer lists and related customer information, customer relationships, confidential information, trade secrets, the right to employ certain engineers, considered ‘key employees’ of Mobius, and the ability to continue to service Mobius customers.” (Complaint, ¶¶8 and 9.)
Liccardi has worked in the IT field for sixteen years and was employed by Mobius for four years until the sale of that company to Integrated in January of this year. He was previously employed by Ascentek, Inc. from 2004-2006. At Mobius Liccardi was theTechnical Services Manager, managing the entire technical services department, which included five technicians and engineers. (Liccardi Affidavit, 91913-5.) Without prior notice to Liccardi or others, Mobius announced on Monday, January 4, 2016, that it had sold the company to Integrated. Integrated passed out packages of documents, which the employees were told to review and sign by Friday, January 8, 2016. (Liccardi Affidavit, 916.) Liccardi asserts now that he would not have chosen to work for Integrated had he been given advance notice of the sale of Mobius and says that he essentially had no choice but to sign the Agreement. (Liccardi Affidavit, ¶¶7-8.) Liccardi was employed by Integrated for three months, from January 1, 2016 through March 29, 2016. (Liccardi Affidavit, ¶9.)
The Agreement contained a confidentiality provision that protected the confidentiality of Integrated’s “proprietary and confidential information concerning its business, business relationships and financial affairs.” (Complaint, 9117 and Exhibit A, 911.) The Agreement also contained a non-solicitation provision prohibiting Liccardi for a period of two years after the termination of his employment from “soliciting, diverting or taking away the business or patronage of any actual or prospective client, customer or account of [Integrated] that was served by Liccardi.” (Complaint, 9118 and Exhibit A, 913.) In addition, the Agreement contains a non-competition provision which prevents Liccardi for two years following the termination of his employment from engaging in competition with Integrated. (Complaint, 9119 and Exhibit A, 912.) The provisions were not limited geographically; however, at the hearing on this motion, counsel for the plaintiff indicated that it would be content if the provisions were limited to the New England area. Finally, the Agreement contains a provision by which Liccardi acknowledges that any breach would cause irreparable damage and would entitle Integrated to injunctive relief. (Complaint, 9120 and Exhibit A, 917.)
Liccardi viewed his position with Integrated as a demotion, with no management responsibility, but at the same salary. (Liccardi Affidavit, 919111-12.) Feeling that there were problems with Integrated’s operations, including deteriorating customer service, Liccardi determined that he could not remain at Integrated and he contacted Ascentek about possible employment. (Liccardi Affidavit, 919110 and 17.) He submitted his resignation to Integrated on March 15, 2016, and ended his employment there on March 29, 2016. His salary at Ascentek is $29,000 lower than it had been at Integrated and he does not receive financial incentives for recruiting or servicing clients. (Liccardi Affidavit, 919118-19.)
One of the clients with which Liccardi worked while at Mobius and at Integrated was Sleep Medicine Services of Western Massachusetts (SMS); he had a good working relationship with SMS. (Liccardi Affidavit, 9121.) On March 31, April 1, and April 4, 2016, Liccardi was contacted by Integrated representatives seeking his assistance with computer issues at SMS. He provided that assistance voluntarily and, to his knowledge, without SMS’s awareness of his involvement. (Liccardi Affidavit, 9122.) On one occasion, he received a call directly from SMS requesting his assistance with an email problem. He informed SMS that he was no longer employed at integrated and that he could not provide assistance. (Liccardi Affidavit, 919123-24.) (Little Affidavit, 9115.)
According to Chris Little, the Practice Manager at SMS, due to its dissatisfaction with Integrated’s ability to service its accounts and the unavailability of Integrated technical assistance during an extended period of time, SMS decided to terminate its contract with Integrated. (Little Affidavit, 9116.) Ms. Little initiated contact with Liccardi and requested that Ascentek provide a proposal for the provision of IT services for SMS, which was done. Neither Liccardi nor Ascentek initiated that contact with SMS. (Little Affidavit, 9117; Liccardi Affidavit, 919126-28; Frederick Affidavit, 91918-10.) Integrated denies that there were any difficulties of which it was informed by SMS and calls “spurious and false” the assertion that SMS was mistreated by Integrated.
Ascentek denies that it is in competition with Integrated (Frederick Affidavit, 91912-5; Liccardi Affidavit, 919131-32); Integrated disputes that denial. (Vincentelli Affidavit, 913; Khadjenoori Affidavit, 9133.)
*457 Discussion
To receive the injunctive relief it seeks here, integrated must show a likelihood of success on the merits of its claims; that it will suffer irreparable harm if the requested injunctive relief is not granted; and that its harm outweighs any harm to the defendants from being enjoined as requested. GTE Products Corp. v. Stewart, 414 Mass. 721, 722-23 (1993); Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). The determination of those issues must be done after an abbreviated presentation of the facts and the law. On the record before me at this time, I find that the plaintiff is not entitled to the equitable relief it seeks.
The provisions which Integrated seeks to enforce here must be “scrutinized with particular care because they are often the product of unequal bargaining power and because the employee is likely to give scant attention to the hardship he may later suffer through the loss of his livelihood.” Sentry Ins. Co. v. Firnstein, 14 Mass.App.Ct. 706, 707 (1982). “A covenant not to compete contained in a contract for personal services will be enforced if it is reasonable, based on all of the circumstances.” All Stainless, Inc. v. Colby, 364 Mass. 773, 778 (1974). Such covenants generally are enforceable only to the extent that they are necessary to protect the legitimate business interests of the employer. Novelty Bias Binding Co. v. Shevrin, 342 Mass. 714, 716 (1961). Those interests protected may include trade secrets or other confidential information, or the good will that the employer has garnered through its dealings with the clients or customers. See All Stainless, Inc. v. Colby, supra, at 779-80. Protection of the employer from ordinary competition, however, is not a legitimate business interest, and a covenant not to compete designed solely for that purpose is not enforceable. Richmond Bros., Inc. v. Westinghouse Broadcasting Co., Inc., 357 Mass. 106, 111 (1970).
The evidence before me at this time is not sufficient to show that the plaintiff has a likelihood of success on the merits. First the restrictions in the Agreement are not reasonably restricted geographically or temporally. The Agreement as written puts no geographic limitation on the reach of any restraint on Liccardi’s employment efforts. While two years can be a reasonable period of limitation, there is no apparent reason for the two-year limitation. While this court could reform a vague agreement, the lack of reasonable restrictions in the Agreement is a factor militating against enforcement.
Secondly, there is strong evidence in the form of the affidavit of Ms. Little that it was Integrated’s failings that led to the decision of SMS to terminate its contract with Integrated and to seek the services of Ascentek and Liccardi. She supports the assertions of Liccardi and of Frederick that they did not solicit the business of SMS. There is no other indication of anything that Liccardi or Ascentek has done to lure business or customers of Integrated. There is no showing by Integrated that Liccardi has disclosed any confidential information about Integrated or its customers or its accounts or its business practices. There is no showing that Liccardi has contacted any other customers of Integrated or taken any steps to use confidential information to which he may have been exposed during his three months of employment at Integrated. In short, I do not find a likelihood of success on the merits.
Furthermore, Integrated has not shown either that it ■will suffer immediate and irreparable harm if the injunction is not granted or that the balance of the harms weighs in its favor. As noted above, it was Integrated’s failings which led to the termination of the SMS contract and not any effort by Liccardi or Ascentek to obtain that business. There is no indication that Liccardi has or will use the information he has to lure Integrated clients to Ascentek. The harm to Integrated is speculative, at best. On the other hand, Liccardi will be seriously harmed if the requested injunction is granted. He will lose his job and will be severely restricted in his ability to work anywhere within a reasonable distance of his home if the requested injunctive relief is put in place. In the circumstances of this case, the balance of the harms tips in Liccardi’s favor.
For these reasons the requested injunctive relief will be denied.
ORDER
For the foregoing reasons, the plaintiffs request for a preliminary injunction is DENIED.